CASE 17—EQUITY—APRIL 21, 1883.

# Kendall v. Briggs.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

1. Where real estate is owned by persons under disability, and it cannot be divided without materially impairing its value, under subsection 2 of section 490, Civil Code, a sale may be had without any bond and without privy examination of married women, whether infants or adults.

2. This class of cases is an exception to the general rule laid down by the Code.

JOHN A. FULTON AND C. T. ATKINSON FOR APPELLANT.

Without a bond, and the necessary privy examination of married women, the sale is void. There is no exception to the general rule when the real estate is worth more than one hundred dollars. (Sec. 490, subsec. 2; sec. 493 and subsections; secs. 497, 494; subsec. 6, sec. 495, Civil Code, 1877; sec. 543, old Code; 6 Bush, 8 and 553; 16 B. Mon., 296; 18 Ib., 391; 1 Met., 260, 418; 1 Met., 281; 1 Duv., 349; 3 Met., 509; 13 Bush, 723.)

Kendall v. Briggs.

W. C. McCHORD and L. R. THURMAN for APPELLEE.

Inasmuch as the real estate was not susceptible of division without mate-
rially impairing its value, under the Code neither bond nor privy
examination of married women were necessary. (Civil Code, sec.
490; *Ib.*, 497; Todd v. Dow, 1 Met., 281; Robinson v. Redman, 4
Duv., 83; Civil Code, sec. 38; 6 Bush, 11; *Ib.*, 374.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The only question involved in this case arises on the re-
sponse to the rule issued against the appellant, requiring
him to comply with the terms of sale.   The land sold con-
sisted of several tracts; one of them was sold at the instance
of creditors, and the other tracts upon the ground that a
division could not be made without impairing greatly the
value of the land.

Milton Moore died leaving several children, some of whom
were infants when the action for the sale of the land was
instituted, and others married women.    The infants were
before the court by their statutory guardian.    The proceed-
ing was had and the land sold under subsection 2 of section
490 of the Civil Code.    This subsection provides: "If the
estate be in possession and the property cannot be divided
without materially impairing its value or the value of the
plaintiff's interest therein."    The appellant insisted that
the sale was void, because no bond had been executed by
the guardian of the infant and no privy examination of the
married women.

There is some apparent conflict between sections 493 and
497 of chapter 14, Civil Code.

Subsection 2 of section 490 authorizes a sale where the
land cannot be divided without greatly impairing its value,
or the value of the interest sought to be sold, and it could
not have been contemplated by the framers of the Code that
if a party was an infant or a married woman the property

must be divided because no one would execute a bond for those under disability, although the effect of a division would be to lessen the value of the infant's interest as well as that of the party seeking to have the land sold.

Section 493 does, however, provide that, "subject to the provisions of sections 496 and 497, and excepting the cases mentioned in subsections 1 and 2 of section 489, bond must be executed, and by subsection 3 of section 493 it is provided that if no bond be executed, the sale or conveyance under it shall be absolutely void. Section 496 has reference to subsection 1 of section 490, where the share of each owner is of less value than one hundred dollars, and also where the share of one joint owner is of less value than one hundred dollars, a sale may be ordered, although the owner of a share worth more than one hundred dollars may not consent to it. See subsection 2 of section 496. Sections 1 and 2 of section 489 is where the land is sold for debt. In all such cases no bond is required. But it is said that here the land is not sold for the debt of the ancestor, nor is any share less in value than one hundred dollars, and therefore the bond should have been executed.

"Section 497 provides that, in the action mentioned in subsection 2 of section 490 (the subsection under which this sale was made), the share of the infant, or of a person of unsound mind, shall not be paid by the purchaser, but shall remain a lien on the land, bearing interest until the infant becomes of age or the person of unsound mind becomes of sound mind, or until the guardian of the infant or the committee of the person of unsound mind execute bond as required by section 493."

So it will be seen that section 493 makes this class of cases also an exception to the rule provided by subsection

3 of that section requiring the execution of a bond, and contemplates a sale under subsection 2 of section 490 without any bond, nor is a privy examination of the married women, whether infants or adults, necessary in a case like this in order to pass the title to the purchaser.

It is argued that the purchaser may not desire to buy land with a lien upon it until the infant arrives at age, and therefore the appellant should not be required to comply with the terms of his purchase. The purchaser must know for what he is bidding, and if he is not informed by the judgment as to the nature of the lien, it would seldom occur that no one could be found willing to give bond for the infant, and take the money. In this case the infants are before the court by their statutory guardian, and the purchaser can require that this guardian shall execute the bond, and take the money; and if he fails to do so, the chancellor will doubtless find some one who will give the bond, or in some way relieve the purchaser. When the lien cannot be removed, it will be time to raise that question, but not before. The order confirming the sale is therefore affirmed.

To a petition for rehearing—

JUDGE PRYOR DELIVERED THE FOLLOWING RESPONSE:

Subsection 4 of section 493, requiring a privy examination where the infant is a married woman, does not apply in this case, as there are no infant married women; and while it may be proper to obtain the infant married woman's consent, if it is not done, the sale is not void, and the infant married women, if any, are not complaining; and to show that the sale is not void, subsection 6 of section 494 provides that, if the privy examination is not had as author-

ized by this chapter, or without disposing, in the manner authorized by law, of the property in which the proceeds may have been invested, the person who would have been entitled to the property, if it had not been sold, shall be entitled to the proceeds, or to the property in which they may have been invested. The only question presented on the appeal was, as to whether the title passed, and we have adjudged that it did. The chapter containing the various provisions referred to determines when the sale is void; but for irregularities, when the parties are before the court, except in cases where the statute makes the sale void, the judgment is only erroneous. Why the Code does not require adult married' women to be examined as to their consent in open court must be addressed to the legislature, and not the judiciary. Petition overruled.