CASE 74.—ACTION BY HICKS, &c., AGAINST JACKSON, &c.,
   TO SELL LAND AND RE-INVEST THE PROCEEDS.
   —May 16, 1902.

## Hicks, &c. v. Jackson, &c.

Appeal from McLean Circuit Court.

From the judgment Hicks, etc., appeal—Reversed.

Parties to Actions—Sale of Infant's Real Estate.—An action for
   a sale of an infant's real estate for re-investment under
   subsection 5 of section 589, Civil Code, was instituted by
   the guardian against the infant. This action was not in-
   stituted by the statutory guardian, nor was the bond re-
   quired by section 493, Civil Code, executed. The sale of
   the infant's land under this proceeding was, therefore, void.
   A strict compliance with the provisions of the statute is
   necessary to divest the title of infant's in land.

LUCIUS P. LITTLE and W. A. TAYLOR for appellant.

LEE GIBSON and RUBY LAFFOON for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Revers-
ing.

R. G. Wilson died the owner of two adjacent tracts
of land in McLean county. One of about 86 acres,
the other one of about 78. He left a widow and two
children infants. The widow remarried. Before
dower was assigned to her she brought this action
against the infants, alleging the above facts, and
that the land was unproductive of profit, and that it
would be to the interest of the infants to sell it and
re-invest the proceeds. The infants had no guardian.

The court, upon proof tending to sustain the alle-
gations of the petition adjudged a sale of the lands.

Appellant Hicks bought the 86 acre tract and executed his bonds for the purchase money. He refused to complete the purchase, and being adjudged to pay the first bond matured he appeals.

The question is, did he obtain the title to the land by the sale?

We are of the opinion that he did not.

This proceeding was necessarily under Section 489 of sub-section 5 of Civil Code, which provides that:

"A vested estate of an infant or a person of unsound mind, in real property, may be sold by order of a court of equity. (5) in an action against a person of unsound mind by his committee; or against an infant by his guardian; or if the infant be a married woman, by her husband, if he be twenty-one years of age, if not, by her next friend, for a sale of the estate and investment in other property."

It was not, as thought, a proceeding under section 491 of the Code, providing for the sale by order of court, "in an equitable action by the owner of a particular estate of freehold in possession, against the owner of the reversion or remainder." The widow here states her claim to be even less than that of doweress, the right of quarantine. Even were she doweress, she would not be "the owner of a particular estate of freehold in possession" as to this land, of two-thirds of it she would be utter stranger to the title.

Where the wife died the owner of land which her husband had an interest as tenant by the curtesy, a sale of the land was denied under this section on the petition of the father against the children. (Malone v. Conn., 95 Ky. 93.)

This proceeding must have been, as stated, under sub-sec. 5 of Section 489, for no other semblance of

statutory authority for it is found. Nor does it conform to the requirements of that section, and others must be read in connection with it.

The action is permitted by the statutory guardian only of the infants. He is compelled to execute the customary bond required of all guardians, before acting. This bond may afford some protection to the infants against his unauthorized conduct, if any.

The bond required by Section 493 of the Civil Code to be executed by the guardian of each infant before the sale is ordered was not executed in this case, nor attempted to be. Sub-sec. 3 of Section 493 provides:

"If the bond be not given, any order of sale, and any sale or conveyance made under such order, shall be absolutely void and of no effect."

The statutory safeguards of infants' real estate can not be too strictly enforced by the courts. If they are literally adhered to and followed, much of the confusion in titles, and loss to infants or to purchasers at such sales, would be averted.

The judgment directing the payment of the bond is reversed and this cause is remanded with directions to cancel the bonds, and to set aside the sale.