## Powell v. Baer.

(Decided April 21, 1911.)

### Appeal from Daviess Circuit Court.

1. Judicial Sale—Practice—Unknown Heirs—Where defendants are proceeded against as "unknown heirs" and they are subsequently discovered and brought into the action by amended petition, as provided by section 691 of the Civil Code of Practice, the question of the sufficiency of the proceeding against them as "unknown heirs" is thereby eliminated from the case.

2. Same—Non-resident Infant Defendants—Constructive Service—Where an infant defendant has no guardian in this State, and resides in another State, she may be brought before the court by constructive process under section 57 of the Civil Code of Practice, as though she were an adult; and it is not necessary that she should be represented by a guardian ad litem.

3. Same—Bond to Infants—Where a sale of real property is made under section 490 of the Code, for a division of the proceeds among the owners, the bond to infants, required by section 493 of the Code, need not be given.

4. Same—Judgment—In an action under section 490 of the Code, for a sale of real estate and a division of the proceeds of sale between the owners, it is not necessary that the judgment should

have fixed the respective interests of the owners in the property before directing a sale thereof.

5. Same—Title.—In an action under section 490 of the Code, for a sale of real property and a division of the proceeds of sale between the owners, it is not necessary that the title papers should be filed in the action; and where an unrecorded deed was subsequently recorded before the confirmation of the sale, the title was not defective because the deed had not been recorded before the sale was made.

6. Same—Liens.—Where the judgment of sale does not provide that the property should be sold subject to liens, the purchaser will not be required to comply with his bid unless the owners discharge the lien, or arrange for its payment out of the purchase money. But, if the purchase money will more than pay the lien, and can be applied to that purpose, it should be so applied.

E. B. ANDERSON for appellant.

W. E. AUD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Charles S. Hathaway, of Owensboro, died in October, 1909, intestate, unmarried, and without issue, leaving as his only heirs at law, the appellant Antonio Powell, who was an aunt on the maternal side, and a third cousin, three second cousins, and two first cousins on the paternal side. At the time of his death, Hathaway owned three pieces of real estate situated in Owensboro, and this suit was brought by Antonio Powell as one of the joint owners of said real estate, against the other joint owners, under section 490 of the Civil Code of Practice, for the purpose of selling said lots and a division of the proceeds of the sale between the owners. The petition alleges that said Hathaway left no father, no mother, no brothers, no sisters, no grandmother and no grandfather, thereby leaving his estate to descend under the statute to his maternal and paternal collateral kindred.

At the judicial sale the appellee, Abe Baer, bought one of the lots; and having been ruled to comply with his bid by executing bond for the purchase money, he filed his response giving the following grounds why he should not be required to take the property, to-wit: (1) the statements in the petition did not authorize the issual of a warning order for the unknown defendants and heirs of Charles S. Hathaway, for the reason that the petition failed to state that they were non-residents of the State,

or that their place of residence was unknown to the plaintiff; (2) at the time of the appointment of the guardian ad litem for the infant, Adelaide Potee, she was not before the court on warning order, and said appointment was erroneous and void; (3) the judgment is erroneous and void, for the reason that the bond required by section 493 of the Civil Code was not executed before the judgment of sale was entered; (4) the judgment is erroneous, for the reason that it failed to adjudge the respective interests of the plaintiffs and the defendants before it directed a sale of the property; and (5) the deed from Elizabeth Brannon, conveying to Charles S. Hathaway the property in question had not been recorded at the time the judgment of sale was entered, or at the time of the sale, and that the lien in said deed had not been released. The circuit court released Baer from his bid. The exceptions will be disposed of in the order in which they are stated.

1. After showing the relationship of all the defendants, except R. E. Hathaway, the petition states that Charles S. Hathaway left another first cousin, the defendant R. E. Hathaway, who is the only son and heir at law of a sister (whose name the plaintiff does not know) of the said Elijah Hathaway, deceased, who was the father of Charles S. Hathaway, deceased. The petition then proceeds to state that the said Charles S. Hathaway, deceased, may possibly have left some other descendants of a sister to the said Elijah Hathaway, deceased, and that the above named descendants of the said Elijah Hathaway, deceased, together with the possible unknown descendants of the sister of the said Elijah Hathaway, are the only heirs at law of the said Charles S. Hathaway, deceased, on his paternal side, and the said possible heirs at law of the said Charles S. Hathaway on his paternal side are proceeded against in this action "as defendants, the unknown heirs at law of the said Charles S. Hathaway." A warning order was entered against "the unknown heirs at law of Charles S. Hathaway, deceased," and Albert S. Oberst, a regular practicing attorney, was appointed to inform them of the pendency and nature of the action against them.

Appellee contends that the original petition, which constitutes the affidavit in this case and sets up the facts above related, did not authorize the issual of the warning order against the unknown defendants and heirs of Charles S. Hathaway, because it failed to state that said

unknown defendants and heirs were non-residents of the State, or that their place of residence was unknown to plaintiff; it merely stated that plaintiff did not know the names of these unknown defendants and heirs. This exception is based upon the construction which appellee claims should be given sections 691 and 57 of the Code of Practice.

Section 691 provides (1) that, in an action against a person whose name is unknown to the plaintiff, he shall be described in the petition and process as the unknown defendant; (2) if his name or place of residence, or either, be discovered by the plaintiff pending the action, the petition shall be amended accordingly; and (3) if his name and place of residence be unknown to the plaintiff, he shall be subject to, and entitled to, the benefit of the provisions of this Code concerning non-residents of this State.

Section 57 provides, among other things, that if the defendant be a non-resident of the State and believed to be absent therefrom, or if his name and place of residence be unknown to the plaintiff, the clerk shall, upon these facts appearing upon the affidavit of plaintiff or his agent or attorney, make upon the petition an order warning the defendant to defend the action on the first day of the next term of court which does not commence within sixty days after the making of the order.

The question of law raised by this exception, however, was eliminated by the subsequent proceedings taken under subsection 2 of section 691, above quoted; for, by an amended petition, it appears that the statement of the original petition, that R. E. Hathaway was the only son and heir at law of the unknown sister of Elijah Hathaway was a mistake and that the said unknown sister of Elijah Hathaway had two children, the defendant R. E. Hathaway and one Mary Carter, his sister; and that said R. E. Hathaway and Mary Carter were the only heirs at law of said unknown sister of Elijah Hathaway, deceased. And finally, by a second amended petition it appears that the said Mary Carter died in May, 1910, leaving a son, John H. Franklin, by her first marriage, as her sole heir at law. Franklin and R. E. Hathaway filed their answers herein and joined in the prayer of the petition. There remained, therefore, no unknown heirs, and the necessity for proceedings against them, as was taken in the original petition, ceased to exist by the subsequent proceedings

above recited. This exception will, therefore, have to be overruled.

2. The infant defendant, Adelaide Potee, is under fourteen years of age, has no guardian in Kentucky, and resides at Carriers Mills, Saline County, Illinois, wherein a postoffice is kept. She was proceeded against by constructive service, under section 57 of the Code, the provisions of which have heretofore been given in so far as they are applicable to this case. The affidavit required by section 58 of the Code was made, the warning order was properly noted upon the petition, the Clerk appointed Albert B. Oberst, an attorney, to inform Adelaide Potee concerning the nature and pendency of the action against her, and he filed his report showing that he had performed the duties required of him as such attorney. Moreover, section 52 of the Code of Practice provides as follows:

"If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him.

If any of the parties upon whom summons is directed to be served by this section is a plaintiff, then it shall be served on the person who stands first in the order named in said section, and who is not a plaintiff; and if all such persons are plaintiffs, it shall, on the affidavit of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian ad litem for the infant, and the summons shall be served on such guardian."

The clerk not only appointed Oberst warning order attorney for the absent infant defendant, but, acting under section 52, just quoted, he also appointed Oberst guardian ad litem for the infant. Section 38 of the Code further provides:

"No appointment of a guardian ad litem shall be made until the defendant is summoned, or until a person is summoned for him, as is authorized by section 52, nor until an affidavit of the plaintiff, or his attorney, be filed in court, or with the clerk, or presented to the judge during vacation, showing that the defendant has no guardian, curator, nor committee, residing in this State, known to the affiant."

Sub-section 3 of section 36 of the Code reads, in part, as follows:

"No judgment shall be rendered against an infant—other than a femme covert—nor against a person of un-

sound mind, who is summoned in this State, until the regular guardian, or committee, or guardian ad litem of such defendant shall have made defense, or have filed a report, stating that, after a careful examination of the case, he is unable to make defense.''

Sub-section 7 of section 59 of the Code provides:

''No judgment shall be rendered against such defendant if under any disability, other than coverture, or infancy and coverture combined, until a defense or report shall have been filed pursuant to sub-section 5 of this section.''

Sub-section 5, referred to, has been fully complied with.

Under these several provisions of the Code, appellee contends that it was the duty of the court to appoint a guardian ad litem after the absent infant defendant had been summoned (in this case by constructive process); and, that as this was not done, she is not before the court, and is not bound by the judgment, which, it is claimed, was entered in violation of subsection 3 of section 36. It will be noticed, however, that subsection 3 of section 36, above quoted, by its terms differs from section 55 of Myers' Code, and is restricted in its application to infants who have been summoned in this State, and does not refer to infants who are non-residents, and have not been summoned in the State, and, who must necessarily be proceeded against as non-residents. In the absence of some statutory provision, requiring absent infants to be proceeded against in a mode different from that governing absent adults, we see no reason why there should be any difference in the procedure. This view of the interpretation given subsection 3 of section 36, supra, is sustained by the language of section 7 of section 59, supra, which evidently contemplates a procedure by warning order only against a non-resident infant. In the case at bar the infant, Adelaide Potee, was regularly and properly brought before the court by constructive service as though she were an adult; and under the above provisions of the Code, and particularly under subsection 7 of section 59, we are of opinion that this is all that was necessary to be done.

3. In suits of this character, brought under section 490 of the Code, for a sale of the property and a division of the proceeds of sale, the bond required to be given to the infant by section 493 of the Code need not be given. Kendall v. Briggs, 81 Ky. 119; Shelby v. Harrison, 84

Ky. 144. The reason for not requiring the bond is found in section 497 of the Code, which provides that in actions of this character, the share of an infant shall not be paid by the purchaser, but shall remain a lien on the land, bearing interest until the infant becomes of age, or until the guardian of the infant executes bond as required by section 493.

4. Neither was it necessary that the judgment should have fixed the respective interests of the owners of the property before directing the sale thereof. When the purchaser shall have paid his purchase money into court, the rights of the several owners to the proceeds can then be settled by the court in its order of distribution; and in that matter the purchaser is not interested.

5. The deed from Elizabeth Brannon to Charles S. Hathaway had not been recorded when the sale was made; but it has since been recorded, thereby completing the chain of title. That deed retained a lien for $1,150.00, represented by five notes, all of which are now past due. The terms of sale did not provide that the property should be sold subject to liens; and if the owners fail to discharge the lien, or arrange for its payment out of the purchase money or otherwise, the appellee should not be required to comply with his bid. But appellee's purchase money will more than pay this lien, if it has not already been paid; and upon the return of the case the circuit judge may be able to so provide for the payment of the lien as not to interfere with appellee's rights and obligations as purchaser. Baer having been required to comply with his bid, his purchase money can be used to satisfy this exception concerning the lien upon the property bought by him; and if that is true, this objection should not be allowed to stand in the way of his completing his purchase.

We are, therefore, of opinion that the circuit judge erred in releasing the purchaser from his bid, and the judgment is reversed, with instructions to take further proceedings consistent with this opinion.