## Ellis v. Smith's Guardian, et al.

(Decided February 22, 1912.)

## Appeal from Henry Circuit Court.

1. Judicial Sale—Infant's Real Estate—Section 490 Civil Code—Guardian and Ward—Parties.—Where property is owned jointly by and is in the possession of two infants, and can not be divided without materially impairing its value, it may be sold under subsection 2, section 490 of the Civil Code, in an action brought by their common guardian in their behalf, without naming either as a party plaintiff or defendant. In such a case the infants will be deemed and treated as parties plaintiff and the action as brought for them by the guardian.

2. Same—Bond to Infants.—It is not necessary to the validity of a sale made pursuant to subsection 2, section 490, Civil Code, that the guardian should execute the bond required by section 4933 before the sale is ordered.

3. Wills—Limitation—Construction.—The will of a testator examined, and held that a certain limitation applies solely to property devised to his children, and not to property devised to his grandchildren.

MOODY & BARBOUR for appellant..

TURNER & TURNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Kelly Smith, an infant fifteen years of age, and John Smith, an infant thirteen years of age, were the joint owners of a tract of about forty-two acres of land in Henry County, Kentucky, which was devised to them by their grandfather, Isaac W. Kelly. The two infants now reside in Illinois. Dr. J. L. Leahman is the non-resident guardian of said infants under appointment by the County Court of White County, Illinois, made July 7th, 1909. On motion of the non-resident guardian, W. W. Turner was on July 19th, 1910, appointed resident guardian for said infants, it having been made to appear to the court that all the real estate owned by them in Kentucky was situated in Henry County.

Alleging that the tract of land referred to was jointly owned by the two infants, Kelly and John Smith, and was in their possession, and that it could not be divided without materially impairing its value and the value of each of said infant's interest therein, W. W. Turner, as

resident guardian of the infants brought this action to sell the land under subsection 2, section 490, Civil Code. J. L. Leahman, the non-resident guardian was made a party defendant. He filed an answer for the infants, admitting the allegations of the petition, and united in the prayer that the land be sold. Depositions upon interrogatories were taken, establishing the allegations of the petition. Upon submission of the case, the court adjudged that the land could not be divided without materially impairing its value, and that it would be to the interest of the infants to sell same as a whole, and ordered the land sold by the Master Commissioner. Sale was had in conformity to the judgment, and W. H. Ellis became the purchaser. In due time, he filed exceptions to the report of sale. From the judgment overruling his exceptions, he prosecutes this appeal.

Section 490, Civil Code, provides as follows:

"A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant. * * * 2. If the estate be in possession, and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein."

As the non-resident guardian was not authorized to act as guardian in this State, we shall consider this case as if he was not a party defendant, and had not answered. That being true, the question is, may the land of two infants be sold under sub-section 2, section 490 upon petition by their guardian without naming either of them as a party plaintiff or defendant? Appellant insists that the infants should have been made parties by name; not only this, but that one should have been made a party plaintiff, and the other a party defendant. In Shelby, &c. v. Harrison, Jr., &c., 84 Ky., 144, the court said:

"But section 490 relates to the sale, by order of a court of equity, of only such real property as may be jointly owned by two or more persons, either of whom, it is expressly provided, may bring an action therefor, though the plaintiff or defendant be an infant. And as, under that section, the guardian may unquestionably bring an action for his ward, and, upon the conditions therein prescribed, obtain an order of court for a sale of the joint property, without making the ward a defendant, we see no reason why he may not as well in his an-

swer adopt the statements of a petition already filed for the same purpose by another joint owner, and unite with him in asking for a sale.''

And in the case of Howard, &c. v. Singleton, &c., 94 Ky., 336, it was held that in an action by a guardian, under section 490 of the Civil Code, for the sale of the ward's real estate jointly owned with another, it is not necessary that the ward should be a party; and, therefore, where he is made a defendant, it is not necessary that he should be served with process. In that case, the guardian filed a suit against his wards and others for the sale of a certain farm. Subsequently the guardian as guardian for the infants filed an ameded petition asking the sale of a town lot under subsection 1, section 490. To the amended petition, the infants were not made parties either as plaintiffs or defendants. They of course were not summoned, nor was a guardian ad litem appointed or an answer filed for them. The court held that the service of process on the original petition and the appearance of the infants by their guardian ad litem were not sufficient to bring them before the court on the amended petition which sought the sale of a different piece of property from that described in the original petition, and that if the action had been one which required the infants to be made defendants, the judgment would have been void. In discussing the necessity of the infants being made parties the court said:

''Construing section 490, it was held in Shelby, &c. v. Harrison, Jr., &c., 84 Ky., 148: 'That the guardian may unquestionably bring an action for his ward, and upon the conditions therein prescribed, obtain an order of court for a sale of the joint property without making the ward a defendant.' And although the appellants were named as defendants in the old suit, and not served with process on the amended petition, yet they were fully represented in the action by their guardian who brought the action, and who was also their mother.''

If then the infants are fully represented by their guardian in an action brought pursuant to section 490 of the Civil Code, we see no reason why he should file the action as guardian of one of them against himself as guardian of the other, and then file an answer for the other, when the same result may be accomplished by a petition as guardian for both of them. When an action is brought by the guardian as in this case, his wards

are to be deemed and treated as parties plaintiff, and the action as brought for them by the guardian.

It is not necessary to the validity of a sale made pursuant to subsection 2, section 490, Civil Code, that the guardian should execute the bond required by section 493 before the sale is ordered. Section 497 provides that the share of the infant shall not be paid by the purchaser, but shall remain a lien on the land bearing interest until the infant becomes of age, or his guardian executes the bond required by section 493 (Shelby, &c. v. Harrison, Jr., &c., 84 Ky., 144; Powell v. Baer, 143 Ky., 282.)

Lastly, it is insisted that the infants are not the owners in fee simple of the property in controversy. They acquired the property under the will of their grandfather, Isaac W. Kelly. The material parts of his will are as follows:

"7th. The rest of my remaining real estate I desire divided among my children, except in case of Rebecca J. Samuell. I have already given her $800 in cash, consequently all the rest of my children must be made equal to her and the balance left then to be equally divided among all of my children.

"I also entail the land on them during their natural life with the right to will the same."

### CODICIL NO. 4.

"I hereby revoke Codicil No. 1, and will and devise to my grandsons, Kelly Smith and John Smith jointly a one-sixth interest (their mother's share) in the 142 acres of land conveyed to me by my father and known as the Stone House farm, also a one-sixth interest in the farm willed to me by my father and known as the Cooper farm. They are to have nothing further out of my estate," etc.

We deem it unnecessary to determine the effect of the words, "I also entail the land on them during their natural life with the right to will the same," in clause 7. It is sufficient to say that that limitation applies to the testator's children only, and not to his grandchildren, Kelly and John Smith. The property sold in this action was devised to them by Codicil No. 4, absolutely, and without limitation or restriction of any kind. Not only so, but the codicil provides "They are to have nothing further out of my estate," thus showing that the testator did not intend that they should take under Clause No. 7,

and that the limitation therein has no application to them.

Being of the opinion that appellant acquired a good title by virtue of his purchase under the judgment herein, it follows that his exceptions were probably overruled.

Judgment affirmed.