## Riddle v. Wilcox, et al.

(Decided December 4, 1912.)

### Appeal from Estill Circuit Court.

1. Land—Vested Estate Jointly Owned by Two Persons—Action for Sale of—One Owner Infant—Indivisibility of Property.—Where a lot is owned jointly by two persons, one of whom is an infant, is in their possession and a vested estate, is indivisible and both joint owners will be benefited by its sale, the sale was authorized by section 490, subsection 2, Civil Code, at the suit of the joint owner and the statutory guardian of the infant.

2. Same.—While the lot is eighty feet wide, and on first blush

might seem to be subject to an advantageous division into two lots of forty feet each, it is in a small town, remote from business or residential centers, and practically a suburban lot. In view of which facts the property is indivisible in the meaning of the Code provision.

HUGH RIDDELL, ROBT. R. FRIEND for appellant.

R. W. SMITH, CLARENCE MILLER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

It appears from the record in this case that the appellee, Ben F. Wilcox, and the infant appellee, Maggie Lee Gum, are the joint owners of a parcel of ground in Collins Addition to the town of Irvine, fronting eighty feet on Main street and having a depth of one hundred and fifty feet to an alley. The property is without buildings, is otherwise unimproved and no income or profit therefrom has ever been received by the owners.

This action was brought by the appellee Wilcox, one of the joint owners, and B. R. Gum, statutory guardian of the infant Maggie Lee Gum, against the latter to obtain a sale of the property and a division of the proceeds between the joint owners. The infant was properly brought before the court and a defense made for her by a guardian ad litem.

Following the taking of depositions in support of the averments of the petition judgment was rendered by the circuit court directing a sale of the property and, when sold by the commissioners, after due advertisement, the appellant Ann M. Riddell, being the highest and best bidder, became the purchaser at the price of $800; for which amount she executed, with approved security, a sale bond as required by the judgment bearing interest from date.

When the sale was reported to the court by the commissioner, appellant filed exceptions to same upon the ground that the court was without jurisdiction to adjudge a sale of the property, and that her purchase of same and the deed of conveyance therefor from the commissioner could not pass to her a valid title thereto. The exceptions were overruled by the court and the sale confirmed. Appellant excepted to the judgment manifesting these rulings, hence this appeal.

The petition seems to have rested the right of the joint owners to a sale upon the grounds, first, that it

was permissible under section 489, subsection 3, Civil Code, in order that the infant's share of the proceeds might be applied to her maintenance and education. Second, that it was also permissible under section 490, subsection 2, Civil Code, because of the indivisibility of the property. Waiving a decision of the question whether the sale of the property could have been adjudged on the first ground, at the suit of the adult joint owner and statutory guardian of the infant, it is sufficient to say that its sale was authorized on the second ground.

Section 490, Civil Code, provides:

"A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant.

"(1) If the share of each owner be worth less than one hundred dollars.

"(2) If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein."

It is apparent from the averments of the petition the deeds filed as exhibits and the proof furnished by the depositions found in the record, that the real estate sold was owned jointly by and in the possession of the appellee Wilcox and the infant appellee, Maggie Lee Gum, and that it was a vested estate. It is further manifest from the evidence that the property was and is indivisible; that is that it cannot be divided without materially impairing its value and that both joint owners were and are benefited by its sale. At first blush it would seem that an eighty foot lot might be advantageously divided into two lots, having a frontage of forty feet each; and this would be true if the ground were situated in a larger and more populous town or city, or, even in the business section of Irvine, where it could be utilized as a site for a mercantile house or office building. But Irvine is a small town of not exceeding one thousand inhabitants and this property is so remote from its business and residential centers, as to make it practically a suburban lot; and, as according to the evidence, homeseekers in Irvine do not erect dwelling houses upon forty-foot lots, its partition into small lots would render them, at least for many years to come, well nigh valueless, if not wholly unsaleable. In view of the fore-

going facts, it may well be said that the property is, in the meaning of the Code provision, indivisible, therefore, it was properly sold as a single lot. It is conceded that the price realized for the property was its full market value and in excess of the amount at which it was appraised. We have found no irregularity in the proceedings preceding or following the sale. Even the bond to the infant, required by section 493, Code, was executed by the guardian before the sale, although it might have been subsequently executed at any time before the payment of the sale bond by the purchaser, the infant being in the meantime protected by the lien retained by the judgment on the property.

As appellant will, under her purchase at the decretal sale and by the deed to be made her by the commissioner, take a good and marketable title to the property sold, the circuit court in overruling her exceptions and confirming the sale committed no error. Wherefore the judgment is affirmed.