## Bethel College, et al. v. Gladdish.

(Decided June 24, 1924.)

### Appeal from Warren Circuit Court.

1. Partition—Lessees for Oil and Gas Unnecessary Parties.—Lessees for oil and gas were not necessary parties to an action for division of lands, or for sale of tract for division of proceeds, since no judgment could affect them.

2. Infants—It is Not Necessary to have Guardian Ad Litem Appointed for Infant Nonresident.—It is not necessary to have a guardian ad litem appointed for infant nonresident defendants in partition action.

3. Partition—Bond to Nonresidents Held Unnecessary.—In partition action no bond to nonresident defendants is required, under Civil Code of Practice, section 410.

4. Infants—Bond Before Sale of Land for Partition Unnecessary.—Bond pursuant to Civil Code of Practice, section 493, is not necessary before a sale of infant's property is ordered in partition action.

S. Y. TRIMBLE and JOHN B. RODES for appellants.

B. F. WALLACE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

This action was commenced in the Warren circuit court by appellee, Zimrude Gladdish, against Bethel College and other educational institutions, as well as D. A. Thompson, Francis Thompson and Margaret Thompson, the last two named being infants, and Jim Gladdish, for a division of a certain tract of land described in the petition and the sale of another tract for division of the proceeds among several owners. T. H. Gladdish died testate, leaving appellee, Zimrude Gladdish, as surviving widow. He had no child. To her he devised all of his real estate for and during her life, with remainder to Bethel College, Georgetown College and Southern Baptist Theological Seminary, all three corporations. The testator owned in fee a tract of land of about 70 acres which is not involved in this controversy. He also owned a one-half undivided interest in a tract of 120 acres, the other one-half being owned by his brother William. The testator also owned one-third undivided interest in a third tract of land in which his brother William owned one-third and his brother Charles the other one-third. William devised all his real property to his brother's widow, Zimrude Gladdish, in fee, and died. The other brother, Charles, died intestate survived by his son, Jim Gladdish, and two grandchildren by a deceased daughter, Mrs. Thompson. The husband of Mrs. Thompson also survived. It thus appears that appellee, Mrs. Zimrude Gladdish, owned a life estate in the entire 70 acre tract which her husband owned separately, a life estate in one-half of the 120-acre tract, of which William

Gladdish owned the other one-half, and a life estate of one-third in the last tract in which her husband owned merely a one-third, William a one-third and Charles a one-third. She also was the owner of the fee by the will of William of one-half of a tract owned jointly by her husband and William, a fee in a one-third in the other tract which her husband, William and Charles owned. The colleges owned under the will of her husband a one-half undivided interest in remainder in the second tract and a one-third undivided interest in remainder in the third tract, while the heirs of Charles owned the one-third undivided interest in fee in the third tract.

The court granted the prayer of the petition and adjudged a division of the second tract into two parts, one in fee to appellee, Mrs. Gladdish, and the other one-half to her for life with remainder in fee to the colleges. It also adjudged the third tract to be sold, one-third of the proceeds plus the life estate of Mrs. Gladdish in another one-third to be paid to the widow, one-third to go to Jim Gladdish, and the infant children of Mrs. Thompson, and one-third in remainder to be paid to the colleges.

Before the entry of the judgment the colleges filed a joint and a separate answer in which it is averred that the lands sought to be divided as well as those to be sold for division had been leased for oil and gas purposes to Kerstetter and Danciger, and that the lessees were necessary parties to a final determination of the cause. This answer contained twelve (12) numbered paragraphs, all relating in a general way to the same subject. A general demurrer interposed to this answer was sustained and this is the first complaint appellants make.

We know of no reason why the lessees for oil and gas should have been made parties to the action for division of the lands or for a sale of the tract for a division of the proceeds, for whatever judgment was entered in pursuance to the prayer of the petition could not have precise point was decided against appellants' contention thereto and who were not necessary parties.

It is next insisted that no guardian *ad litem* was appointed, and this is admitted; but it is said by appellee that it was not necessary to have a guardian *ad litem* appointed for the infant nonresident defendants. This precise point was decided against appellants' contention in the case of Powell v. Baer, 143 Ky., 282.

Appellants also insist the judgment should be re-reversed because no bond to the nonresidents was exe-

cuted under Civil Code, section 410. We have held, however, in a number of cases that it was not necessary to execute a bond as provided by section 410 of the Civil Code of Practice for the benefit of nonresident defendants. Adams v. De Dominique, 129 Ky. 599; Hogue v. Yager, 107 Ky. 582; Oldham v. McElroy, 134 Ky. 454.

It is also insisted by appellants that no bond was given pursuant to section 493, Civil Code. This appellee says was not necessary before a sale of real property of an infant is ordered, and relies upon Scott v. Graves, 153 Ky. 221; Ellis v. Smith's Guardian, 147 Ky. 99; Riddell v. Wilcox, 151 Ky. 17; Kendall v. Briggs, 81 Ky. 119; all of which appear to sustain appellee's position.

Lastly, appellants say no proof was made in support of the averments of the petition as against the nonresident defendants and infant defendants, but they are mistaken in this. The depositions in the record prove the averments of the petition to the extent of showing that the second tract was divisible in kind without damage or injury to the several owners of the different parts, and also prove that the third tract was not susceptible of division into three or more tracts without injury to the value of each share. Nor do we think the contention of appellants that the depositions in the record were *ex parte* although they were taken by agreement of the parties. The commissioner's report was sufficient in all respects to support the judgment.

Finding no merit in either of the contentions of appellant the judgment is affirmed.