## Alexander, et al. v. Tipton, et al.

(Decided March 4, 1927.)

### Appeal from Estill Circuit Court.

1. Guardian and Ward—Suit Held Brought Under Statute Providing for Selling Infant's Land for Reinvestment, Not Under Statute for Selling Land Not Practically Divisible (Civil Code of Practice, Sections 489, subsec. 5; 490, subsec. 2).—Suit by guardians to have the interests of their wards in land sold for purpose of reinvesting proceeds held to have been brought under Civil Code of Practice, section 489, subsec. 5, providing specially for such action by guardian. rather than section 490, subsec. 2, providing for sale of property not practically divisible.

2. Guardian and Ward—Judgment Decreeing Sale of Infant's Land Under Statute Held Void, where no Bond was Executed by Guardians, as Code Requires (Civil Code of Practice, Sections 489, subsec. 5; 493).—In case where infant's land was sold for reinvestment under Civil Code of Practice, section 489, subsec. 5, but no bond was furnished by guardian, as required by section 493, judgment of sale held void.

3. Guardian and Ward—Decree for Sale of Infants' Indivisible Shares in Land, Under Statute Providing for Sale of Land Indivisible Without Impairing Value, is Void, Unless Whole Land was Sold (Civil Code of Practice, Section 490, subsec. 2).—If court decrees sale of infants' indivisible shares in real estate under Civil Code of Practice, section 490, subsec. 2, providing for sale of land not divisible without impairing value, judgment and sale are void, unless the whole of the land was sold.

4. Judgment—Court Could Not Set Aside Judgment Settling Title to Land, Four or Six Years After Decree Finally Rendered.—Court was without jurisdiction, four or six years after judgment rendered, to set aside final judgment, settling title to land and directing division.

5. Judgment—Judgment Settling Interests in Land and Setting Aside Earlier Judgment Held Final, and Not Interlocutory, Though Division Directed Under Judgment was Not Made.—A judgment setting aside an earlier judgment, determining the interests of several parties to land, and directing division of the land, held final, not interlocutory, even though the division was not made.

J. SMITH HAYS for appellants.

ATKINSON & ATKINSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This litigation had its inception in proceedings following the death of W. T. Barnes, who died intestate in 1889 the owner of a considerable tract of land in Estill county, Kentucky. He left surviving him his widow, Terzia Barnes, afterward Terzia McIntosh, and three children, Delina Barnes, Coleman Barnes and Clara G. Barnes, now Clara G. Tipton, one of the appellees herein.

In a proceeding had for that purpose 130 acres of land belonging to the estate of W. T. Barnes was set aside to his widow, Terzia Barnes, as her dower. Delina Barnes, who had married Reuben Tipton, died in 1892 the owner of an undivided one-third interest in this land, subject to the dower right of her mother. She left surviving her three children, Eva Tipton, Fred Tipton and Carrie Tipton. Coleman Barnes, who owned an undivided one-third interest, subject to his mother's dower

right, died some time prior to 1904 and left surviving him his widow, Mollie Barnes, and one child, Ernest Barnes. His widow, Mollie Barnes, married her brother-in-law, Reuben Tipton. Eva Tipton, the daughter of Delina B. Tipton and Reuben Tipton, after arriving at the age of twenty-one years, sold and conveyed her undivided one-ninth interest in the land to the appellant, Clay Alexander.

In 1904 Reuben Tipton, who had been appointed guardian of his infant children, Fred Tipton and Carrie Tipton, each of whom owned an undivided one-ninth interest in the dower tract, and his wife, Mollie Tipton, who had been appointed guardian of her son, Ernest Barnes, who owned an undivided three-ninths interest in the land, filed a petition in equity in the Estill circuit court in which the three infants were named as defendants, and in which they alleged that the land could not be divided without materially impairng the value of each share therein; that they were only receiving $15.00 a year rental therefor; that land in Estill county had appreciated greatly in value, and that this land could be sold and the proceeds invested in land nearer the place where the parties lived and which could be handled by them to better advantage. Proof was taken as to the advisability of selling the land and reinvesting the proceeds in other land, but no proof was taken as to its indivisibility. The owners of the remaining four-ninths interest in the land were not made parties to the suit.

On August 2, 1904, being at the July term, 1904, of the Estill circuit court, a judgment was entered ordering the undivided five-ninths interest of the three infant defendants sold. The master commissioner sold the five-ninths undivided interest in the land on November 14, 1904, and the appellee, Clara G. Tipton, who already owned an undivided one-third interest therein, became the purchaser at the price of $660.00, for which she executed two bonds for $330.00 each, which, with the interest thereon, she afterward paid to the master commissioner, and after paying the costs, he paid the balance to Reuben Tipton, guardian of Fred Tipton and Carrie Tipton, and to Mollie Tipton, guardian of Ernest Barnes, pursuant to an order entered on December 21, 1904.

On March 7, 1916, Carrie Tipton, now Carrie Wyatt, and Fred Tipton, instituted suit in the Estill circuit

court for a partition of the land in which their interests had been sold under the 1904 judgment. An amended petition was filed making Clay Alexander, who owned an undivided one-ninth interest in the land, and Ernest Barnes defendants. Clara G. Tipton answered denying that Carrie Wyatt or Fred Tipton owned any interest in the land, and in an affirmative paragraph, she claimed the title to the land under the commissioner's deed executed to her after the sale under the 1904 judgment. The entire record, by agreement of parties, of the 1904 case was made a part of the record in the suit filed in 1916. On December 12, 1916, Ernest Barnes died, leaving surviving him his widow, Lula Barnes, and his mother, Mollie Tipton, who filed an intervening petition in which they also sought a division of the land and claimed an undivided one-third interest therein, which they claimed to have inherited from Ernest Barnes. Clara G. Tipton filed an answer to this intervening petition similar to her answer to the petition of Carrie Wyatt and Fred Tipton. Numerous other pleadings were filed and when the issues had been completed the suit was in the nature of a proceeding under section 518 of the Civil Code to set aside the judgment entered in 1904 and to have the sale declared void. On June 7, 1918, judgment was entered declaring void the judgment of 1904 and the proceedings had thereunder and adjudging, among other things, "that the plaintiffs, Carrie Wyatt and Fred Tipton, are each the owners of a one-ninth joint interest in the land hereinafter described and that the cross-plaintiff, Lula Barnes, has a one-third joint interest in said land, and that the defendant, Clay Alexander is the joint owner of a one-third interest in said land, and that Clara G. Tipton is the owner of a one-third joint interest in said land." The judgment then proceeded to describe the dower tract that had been allotted to Terzia Barnes in 1889. The judgment provided for the appointment of commissioners to divide the land among the joint owners. Before the commissioners were appointed and on February 2, 1919, Carrie Wyatt, Fred Tipton and Lula Barnes and others sold and conveyed their undivided five-ninths interest in the land in controversy to appellant, Clay Alexander, and the partition of the land as directed by the judgment of June, 1918, became unnecessary.

The appellee, Clara G. Tipton, took no appeal from the judgment of June, 1918, but on March 13, 1919, she filed suit against R. W. Smith and his surety to recover $660.00, with interest from 1905, that being the amount she had paid for the undivided five-ninths interest in the land which she had purchased at the commissioner's sale in 1904. The style of the suit was Commonwealth of Kentucky, for the use and benefit of Clara G. Tipton, v. R. W. Smith, et al. R. W. Smith was the master commissioner of the Estill circuit court in 1904, and had collected the $660.00, and after paying the costs, had paid the remainder to the guardians of the infant owners of the land that had been sold. He filed an answer pleading these facts. Other pleadings were filed, and without having been made parties, Fred Tipton, Carrie Wyatt, Mollie Tipton and Clay Alexander were summoned to appear and answer and the plaintiff moved that the action of Carrie Wyatt and others against Clara G. Tipton and others, which was the action in which the judgment of June, 1918, had been entered, be consolidated with the action, Commonwealth of Kentucky, etc. v. Smith. Some of the parties were proceeeded against by warning order, and on April 28, 1922, a judgment was entered in the case of Commonwealth of Kentucky, etc. v. Smith, et al., adjudging the judgment of June, 1918, void. Further pleadings and motions were filed, and on May 2, 1924, judgment was entered in which it was adjudged "that the original judgment in the action of Ernest Barnes, Guardian, v. Fred Tipton, et al., rendered on December 21, 1904, and recorded in order book No. 2, page 172, is a valid judgment of the sale of the land thereunder, and its purchase by Clara G. Tipton passed the title of the then infants, Ernest Barnes, Fred Tipton and Carrie M. Wyatt, and that the judgment entered in that action of Carrie M. Wyatt and others against Clara G. Tipton and others of June 7, 1918, is a void judgment; that the said Clara G. Tipton is the owner of the entire interest of said infants, to-wit: five-ninths of the Terzia McIntosh dower in the W. T. Barnes land." It is from this judgment that appellants have prosecuted this appeal.

The above statement of facts marks this case as belonging to the class of cases made notorious by Jarndyce v. Jarndyce, and we can say of this case what

the distinguished writer, who made the Jarndyce case the most noted of its kind, said of it:

"This scarecrow of a suit has in course of time become so complicated that no man alive knows what it means. The parties to it understand it least. . . . Innumerable children have been born into the cause; innumerable young people have married into it; innumerable old people have died out of it; scores of persons have deliriously found themselves made parties without knowing how or why. . . . Fair wards of court have faded into mothers and grandmothers. A long procession of chancellors has come in and gone out. The legion of bills in the suit have been transformed into mere bills of mortality."

The suit of 1904 seeking to sell the infants' land was clearly brought under subsection 5, section 489 of the Civil Code, and not under subsection 2, section 490 of the Code, and as no bond was executed as required by section 493 of the Code, the judgment therein was void and the judgment of June, 1918, correctly so held. Marsee v. Richmond, 195 Ky. 84, 241 S. W. 331; Melcher v. Yagers' Guardian, 159 Ky. 597, 167 S. W. 871. Even should it be held that the proceedings were under subsection 2, section 490 of the Code, as contended by appellants, the judgment of August 2, 1904, and the sale thereunder were void, since the whole of the land was not sold. Williamson v. Mann, 134 Ky. 63, 119 S. W. 232.

The judgment entered in June, 1918, was a final judgment and the court had no jurisdiction to set that judgment aside in the judgments entered in 1922 and 1924. It is contended for appellees that, as the judgment provided for the appointment of commissioners and the division of the land, and as this had not been done, in so far as it adjudged the interests of the parties in the land, it was not final, and when consolidated with the action of Commonwealth of Kentucky, etc. v. Smith, could be set aside. In Watts v. Noble, 203 Ky. 644, 262 S. W. 1114, a similar question was before us and we said:

"The judgment of May, 1919, not only set aside the judgment and all the proceedings and the deed made in the former action, but it adjudged that all the children and grandchildren of the deceased, Samuel White, were the legal owners of the tract of land in controversy, and it placed the land in the

hands of the receiver of the court with directions to rent it out. This was necessarily a final judgment, although it was necessary to adjust the question of rents and profits and improvements with the defendants, and also to determine the amount of advancements to the children before the land could be divided, for the court by its judgment not only settled the question of title but by its receiver took charge of the land, which he directed to be rented out. It was such a judgment as operated to divest rights in such a manner as to put it out of the power of the court making the order, after the expiration of the term, to place parties in their original condition. Harrison v. Lebanon Water Works, 91 Ky. 255. It is not essential that a judgment to be final should settle all the rights existing between the parties. It is only required that it should determine the issues involved in the action, and it is none the less final because other orders are necessary to carry it into effect. 23 Cyc. 672; Weber v. Lightfoot, 152 Ky. 83.''

We conclude, therefore, that the judgment of June, 1918, was a final, and not an interlocutory, judgment and that the chancellor erred in setting it aside.

We suggest that upon the return of this case when the clerk files the record away he indorse thereon, *"Requiescat in pace."*

Judgment reversed, with directions to enter a judgment in conformity herewith.