# Greenway's Guardian ad Litem v. Greenway et al.

(Decided Feb. 25, 1936.)

D. ANDREW SHEARARD for appellant.

GRANT E. LILLY for appellees.

OPINION OF THE COURT BY CREAL COMMISSIONER—
Affirming.

Some years ago, William Irvin Greenway died intestate and left surviving as his only heirs at law two brothers, James C. Greenway, and Gilbert Greenway, a sister, Sarah Greenway Kellar, and a nephew, John Selmes Greenway, an infant under the age of 14 years, residing with his mother in the state of Arizona. At the time of his death, William Irvin Greenway owned a tract of land adjacent to the city of Richmond in Madison county containing approximately 202 acres which passed by inheritance to his above-named heirs at law.

Thereafter in a proceeding had in the county court of Madison county, under section 2041, Kentucky Statutes, it was adjudged and ordered that John Selmes Greenway had no guardian, curator, or committee residing in this state, and that the petitioner, Isabella Greenway, was the duly appointed, qualified, and acting guardian of such infant by orders of the superior court in and for the county of Pima, state of Arizona. It was further adjudged and ordered that Isabella Greenway, as guardian for such infant, should have all the powers of a resident guardian of this state in reference to the property of the infant in this state which consisted of an undivided one-fourth interest in a farm and also an interest in the personal estate of William Irvin Greenway in process of settlement in the Madison circuit court, and that she be permitted to sue for and collect any money due the infant or to her as his guardian and to remove same from this state to the state of Arizona and the county of Pima and do all things necessary to a final settlement of the affairs of the infant in this state.

In October, 1934, James C. Greenway, Harriet L. Greenway, his wife, Gilbert C. Greenway, Sarah Greenway Kellar, and W. L. Kellar, her husband, Isabella Greenway, guardian of John Selmes Greenway, and John Selmes Greenway, by his guardian, Isabella Green-

way, instituted this ex parte action in the Madison circuit court and by their petition in equity set up the foregoing facts and alleged that the tract of land above referred to could not be divided without materially impairing its value and the value of the interests of the respective parties. They set forth at length in their petition the reasons why it was not susceptible of division. The petition also set forth how and by reason of diversified topography and ravines and branches, the farm was naturally divided into parcels, and filed a map showing the topographical conditions.

The guardian alleged that her ward resided permanently in the state of Arizona and that she believed it to be to his best interest to sell the land as a whole and proceeds divided among the four joint owners, and that she be permitted to invest the part of the proceeds of the sale going to her ward in property in the state of Arizona in which it could be legally invested under the laws of that state and the laws of the state of Kentucky; but that the proceeds be held in court until it could be invested for him under the orders of the court. Certified copies of the judgment in the proceedings in the Madison county court above referred to and orders of the superior court of Pima county, Ariz., showing the appointment and of qualification of Isabella Greenway as guardian for John Selmes Greenway, are filed as exhibits with and made a part of the petition.

They prayed for a sale of the land by separate parcels or by a combination of parcels or such other parcels as prospective purchasers might desire offered and then be sold as a whole, and for other relief in accordance with and as authorized by the allegations of the petition.

On October 26, 1934, judgment was entered decreeing a sale as prayed in the petition and directing the master commissioner to make the sale by parcels as indicated in the judgment and then as a whole and to accept the bids or bid realizing the most money for the property.

Thereafter, by amended petition, it was alleged that the land and a filling station thereon had been rented and leased to different persons and that the land be sold subject to the tenancy and with the right of the petitioners to cancel the lease to the filling station. The petitioners, James C. Greenway, Gilbert C. Greenway

and Sarah Greenway Kellar alleged that unless they were given the right to bid on the land ordered to be sold they could not protect themselves and make the land bring its value; that while advised they had a right to bid on the land, for a greater certainty, they asked to be adjudged the right to bid on and purchase the land, either jointly, singly, or with others; and the petitioner, Isabella Greenway, as guardian alleged that unless she was permitted to bid for the land as an individual she could not protect the interest of her ward, and she asked that she be allowed to bid on and buy the land as an individual and obtain title thereto in fee simple, if it appeared to her to be the best interest of her ward to do so; and they alleged that it was to the best interest of the infant to allow the guardian to bid on and buy the land as an individual or any part thereof by herself or jointly with others. They further asked that the master commissioner be empowered to reject all bids for the land if in his judgment it did not bring its fair, reasonable value, in order that the rights of all the parties might be fully protected. They set forth at length how and upon what terms the land should be sold, and prayed for judgment accordingly, and the relief prayed for in the amended petition was granted.

On December 7, the master commissioner filed a report of the sale showing that after advertising the sale, as required by law, he sold the land in parcels, and then as whole, and that James C. Greenway, Gilbert C. Greenway, Sarah Greenway Kellar, and Isabella Greenway became the purchasers of the land as a whole at the highest and best bid of $30,385.50, that being more than the aggregate amount of the bids for the land when sold in separate parcels; that since three of the purchasers were entitled to one-fourth of the net amount of the proceeds, bonds were taken for the share due the infant and the costs of the action. The commissioner reported that a large crowd of representative citizens were present at the sale, and there were a number of bidders on the land sold in separate tracts and in combination as a whole; that the land brought its fair, reasonable value, and there appeared to the commissioner no reason why he should refuse the bid of the purchasers; that by their bids the purchasers made the property bring nearly $5,000 more than was offered by others, and the interest of the infant was

properly protected by the petitioners and the commissioner.

On December 27, 1934, the court, on motion of the petitioners appointed D. A. Shearard, a regular practising attorney of the Madison circuit court, guardian ad litem, for the infant John Selmes Greenway, and thereafter the petitioners moved the court to confirm the master commissioner's report of sale but the guardian ad litem filed exceptions to the report of sale on three grounds, which in substance are: (1) That in the ex parte proceeding, the sale of jointly owned real estate is sought on two grounds, first, that the property is jointly owned and cannot be divided without materially impairing its value under subsection 2 of section 490 of the Civil Code of Practice; and, second, to sell the property of an infant for the purpose of investment in other property; and the only provision for a sale for reinvestment in such cases is subsection 5, section 489 of the Civil Code, which must be an action of a guardian against the ward; (2) that while the proceeding purports to be for the purpose of sale of jointly owned real estate for a division of the proceeds, it is, in fact, a proceeding to divest an infant owner of his title to real estate inasmuch as the other three original joint owners and the guardian became the purchasers, and if the sale should be confirmed, the property would be in exactly the same condition with reference to ownership as it was theretofore, with the exception that the guardian would be the owner of the infant's one-fourth; (3) that by chapter 146, Acts of 1930, section 2150a, Kentucky Statutes (Baldwin's 1933 Supplement), making provision for the sale of an infant's property, section 490 of the Civil Code of Practice, in so far as it provides for the sale of property of persons under disability was repealed; that the ex parte proceedings are not in conformity with the requirements of the act of 1930, and no bond has been executed as required thereby.

Amended and supplemental exceptions to the commissioner's report were filed by the guardian ad litem on the ground that it purported to represent as one of the purchasers the petitioner, Isabella Greenway, individually, who at the time of the sale was guardian for the infant John Selmes Greenway, and that if the sale be confirmed, the guardian, as trustee, holds the property in trust for the use and benefit of the in-

fant; that no title papers are filed in the record or with the petition, and no proof was taken before the sale.

The exceptions as amended were overruled, and the motion for the petitioner to confirm the report of sale was sustained and the report was confirmed. The guardian ad litem has appealed.

In a carefully prepared brief which evidences a study and thorough understanding of the questions involved and a desire to safeguard the rights of the infant as well as the purchasers of the property, the guardian ad litem has presented every pertinent question bearing upon the validity of the judgment and the steps in proceedings preliminary to it.

It is true, as contended by the guardian ad litem, that courts of equity have no jurisdiction to decree a sale of the real estate of an infant except as is conferred by statute, and when jurisdiction is so conferred, there must be a strict compliance with the provisions of the statute and Code to divest an infant of title. Hicks et al. v. Jackson et al., 139 Ky. 594, 68 S. W. 419, 24 Ky. Law Rep. 218; Elliott v. Fowler, 112 Ky. 376, 65 S. W. 849, 23 Ky. Law Rep. 1676; Bullock v. Gudgell, 117 Ky. 288, 77 S. W. 1126, 25 Ky. Law Rep. 1413.

As a second point, it is argued, in effect, that a sale of real estate of an infant for the purpose of reinvestment can only be decreed in an action against the infant by the guardian or such other persons as may be authorized to maintain such action under the provisions of subsections 5, section 489, of the Civil Code of Practice, which section relates to the sale of the real estate of infants or persons of unsound mind. The Code provision referred to clearly indicates the correctness of this conclusion; however, as we view the matter, that question is not pertinent, since this is obviously an action to sell a vested estate in real property jointly owned by two or more persons on the ground that it cannot be divided without materially impairing its value or the value of the interests of the respective parties to the action, and such action is authorized by subsection 2 of section 490 of the Civil Code of Practice. The relief asked by the guardian with respect to reinvestment of the funds is merely incidental, and, as appears from the record, was not even adjudicated, since the court only decreed a sale of the land and division of the proceeds as authorized by section 490.

It is further argued that the sale of the infant's real estate is now controlled by chapter 146, Acts of 1930, section 2150a, Kentucky Statutes (Baldwin's 1933 Supplement), and that this section supplants or has the effect of repealing the Code provisions above referred to so far as the real estate of an infant is concerned. Apparently under the act referred to, the guardian might have, with the approval of the circuit court, made private disposition of the ward's interest in the real estate. See Kentland Coal & Coke Co. v. Coleman's Guardian, 243 Ky. 184, 47 S. W. (2d) 1069. But it is obvious that this act does not repeal any part of section 490 of the Civil Code of Practice, nor take from the infant or other joint owners any rights conferred by that section. A sale could not be had under the act in question of an infant's share in real estate if it were made to appear that the land could not be divided without materially impairing its value or the value or interest of the joint owners, and that the sale of the property as a whole would be advantageous to the interests of those concerned.

It is further argued that the judgment and sale made thereunder is void because bond was not executed before the entry of the judgment. There would be real merit in this contention if the sale had been made under subsection 5 of section 489 of the Code or under the act of 1930, supra. Hurt's Guardian v. Crawford Coal Corporation, 222 Ky. 504, 1 S. W. (2d) 955; Alexander v. Tipton, 218 Ky. 666, 291 S. W. 1019. The character and form of the bond required under the act of 1930 is the same as required by section 493 of the Civil Code of Practice. But in actions under subsection 2 of section 490 of the Civil Code of Practice, it is not essential to the validity of a judgment or order of sale of land that the bond provided for in section 493 of the Code be executed before the judgment is entered or the sale consummated. Burchfield v. Asher, 222 Ky. 108, 300 S. W. 331; Adams v. Gardner, 211 Ky. 246, 277 S. W. 284; Powell v. Baer, 143 Ky. 282, 136 S. W. 629; Ellis v. Smith's Guardian, 147 Ky. 99, 143 S. W. 776. However, the infant's share in the proceeds of the sale will remain a lien on the land and not be collected until the bond is executed. Kendall v. Briggs, 81 Ky. 119, 4 Ky. Law Rep. 854; see, also, Bethel College v. Gladdish, 204 Ky. 10, 263 S. W. 659; Shelby v. Harrison, 84 Ky. 144, 8 Ky. Law Rep. 83.

In an action to sell land under section 490 of the Civil Code of Practice, the infant may be joined as a party plaintiff by his guardian and need not be made a defendant even though collateral and incidental relief is sought under section 489 of the Code. See Larrabee v. Larrabee, 71 S. W. 645, 647, 24 Ky. Law Rep. 1423; Clark v. Satterfield's Adm'r, 233 Ky. 600, 26 S. W. (2d) 516, 517, 519 and cases therein cited. In the latter case, which is similar to the one under consideration with reference to the pleadings and relief sought, the court, answering argument that the cause should be reversed because of failure to introduce proof concerning the indivisibility of the farm, etc., said:

"Here, as we have seen, the infant was a proper party plaintiff, and, being so, she, through her statutory guardian, had the right to allege such facts as entitled her to the relief primarily sought by the action, and when so alleged they may be accepted and treated by the court as true the same as if the pleader had been an adult and his allegations were undenied."

A nonresident guardian of a nonresident infant may be given the same authority as a resident guardian by the county court of the county in which the land lies. Ky. Stats., sec. 2041; Baker v. Weaks, 178 Ky. 515, 199 S. W. 53, L. R. A. 1918C, 152.

Concerning the exception that title papers were not filed with the petition or made a part of the record, it may be said that, as alleged in the petition, title was derived by inheritance, and therefore documentary evidence of plaintiff's title could be filed; however, it is apparent that it is not necessary to file title papers in an action of this character. Smith v. Leavill, 29 S. W. 319, 16 Ky. Law Rep. 609; Powell v. Baer, supra. Since, as already indicated, there was no adjudication concerning the reinvestment of the infant's share of the proceeds of the sale, it is unnecessary to enter into a discussion of that question; however, as indicated in Clark v. Satterfield's Adm'r, supra, such incidental and collateral relief might be granted on proper showing in an action under section 490 of the Civil Code of Practice, and we might add that other authorities indicate that a bond as provided under section 493 of the Code is not necessary, since the funds remain under the control of the court until reinvested under its orders.

Question is made concerning the right of the guardian to become a purchaser at the sale, it being argued that if she did so, her bid inured to the benefit of the infant. A number of authorities are cited as supporting this contention, and no criticism can be made of these authorities; however, it was alleged in the petition as amended that it would be to the best interest of the infant to permit the guardian to bid on the property, and permission for her to do so was granted by the court. In the case of Larrabee v. Larrabee, supra, the guardian was granted permission by the court to bid on the property when sold, and it was said:

"A guardian who bids by permission of the chancellor stands with reference to the sale as any other purchaser. It was not necessary for the infant plaintiffs to have representation other than that of their guardian. They were co-plaintiffs with her, and it was not necessary for them to have any other representation in this proceeding."

Judgment affirmed.