## Baxter Realty Co. v. Martin.

(Decided October 24, 1919.)

Appeal from Jefferson Circuit Court
Chancery Branch—Second Division).

1. Infants—Sale of Real Estate of—Joinder of Suit to Settle Estate and to Sell Indivisible Property.—In a suit under subsection 2 of section 490 of the Code to sell indivisible estate in which an infant has an interest the estate of the deceased may be settled under section 428 of the Code.

2. Infants—Sale of Real Estate of—Joinder of Suit to Settle Estate and to Sell Indivisible Property.—In a suit under section 428 of the Code to settle the estate of a deceased it is not improper to join the cause of action provided for in subsection 2 of section 490 when the estate sought to be sold is indivisible.

3. Infants—Sale of Indivisible Estate of—Suit May Be Brought in Name of Statutory Guardian of Infants Without Making Any Per-

son Defendant.—In a suit to sell the indivisible real estate of infants under subsection 2 of section 490 the petition may be brought by the statutory guardian as plaintiff without making any person defendant.

4. Infants—Sale of Indivisible Estate of—Infant's Interest to Remain Lien on Land.—Under section 497 of the Code the share of an infant in land sold under subsection 2 of section 490 remains a lien on the land until the infant becomes of age or the guardian executes a bond as required by section 493.

5. Infants—Sale of Indivisible Land of—Lien on Land for Purchase Money Due Infant—Rights of Infant Against Purchaser.—Where indivisible land of an infant is sold the interest of the infant in the proceeds remains a lien on the land if no bond is executed, although the court may have permitted the purchaser to pay the full purchase price into court and have distributed the whole thereof under orders of the court, and the infant may as against the purchaser or his vendee have the land sold to secure the amount of the proceeds due her.

6. Infants—Sale of Indivisible Land of—Lien on Land to Secure Interest of Infant—Orders of Court No Protection Unless Code Complied With.—The right of an infant to secure his interest in the proceeds of indivisible estate sold under a judgment and have a lien on the land to secure the payment thereof will not be defeated by orders of court directing the payment of the interest of the infant to the guardian or any other person unless the bond required by the Code has been executed.

7. Judgment—Void Judgments—Judgment Not Void Because Statutory Guardian of Infant Plaintiff Was Also Attorney for Lien Creditor.—In a suit to sell the real estate of an infant the fact that the statutory guardian of the infant who brought the suit as plaintiff was also the attorney for a creditor who set up a bona fide lien on the land will not make the judgment void.

POPE NICHOLAS and OSCAR RADER for appellants.

BINGHAM, SLOSS, TABB & MANN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

In 1903, Grinstead conveyed to Ada B. Martin, wife of W. D. Martin, as trustee, a tract of land in Jefferson county, the deed providing that Ada Martin should hold the estate for her use and benefit during life with remainder to W. C. Martin and Nellie E. Martin, her children. It was also provided that if W. D. Martin, the husband of Ada B. Martin, should survive her that the children should furnish him with a home and maintenance during life, and further, that if Nellie E. Martin

should die without issue before reaching the age of twenty-one years then her interest in the land should pass to her brother, W. C. Martin.

In October, 1905, a petition in equity was filed in the Jefferson circuit court in which W. C. Martin, who was over twenty-one, Nellie E. Martin, then an infant under fourteen years, by her statutory guardian, B. F. Gardner, W. D. Martin, and B. F. Gardner, administrator of A. B. Martin, deceased, were plaintiffs against Laura B. Fox and Joseph Dodge as defendants.

In this petition it was averred that Ada B. Martin had died intestate, leaving surviving her as her only heirs at law, her husband, W. D. Martin and her two children, W. C. and Nellie E. Martin, the latter being an infant under fourteen years of age; that B. F. Gardner had been appointed and qualified as administrator of Ada B. Martin and as statutory guardian of Nellie E. Martin. It was further averred that Ada B. Martin left no personal estate or any estate except the small tract of land conveyed to her by Grinstead; that in the deed conveying to her this land a lien note for $1,600 unpaid purchase money was executed to Grinstead and assigned by him to Laura B. Fox; that Ada B. Martin was also indebted to Dodge, an unsecured creditor, in the sum of $700.00; that the land could not be divided without materially impairing its value and a sale of the property would be of benefit to the parties, including the infant, Nellie E. Martin; that W. D. Martin and W. C. Martin consented to a sale of the property. It was further prayed that the estate of Mrs. Ada Martin be settled; that the debt of Mrs. Fox be paid out of the proceeds and that the interest of Nellie E. Martin in the proceeds be reinvested for her benefit and the remainder of the proceeds distributed between the parties entitled thereto.

In answer to this petition Dodge set up his claim against Ada Martin. A Mrs. Webber also came into the suit and asserted a claim against the estate of Ada Martin and Laura B. Fox, the holder by assignment of the $1,600.00 lien note executed to Grinstead as part of the purchase price of the land, set up her lien in a pleading styled "Answer, counter-claim and cross-petition." But it was only made a cross-petition against Mrs. Webber, the creditor, who had come into the case.

On the answer, counter-claim and cross-petition of Mrs. Fox, the case was submitted and it was adjudged that Mrs. Fox had a superior lien on the land. The judgment further recited that "It appearing from the petition that a sale of the land is sought by the plaintiff and all parties having agreed to such a sale, and it further appearing from the pleadings and proof that said land cannot be divided without materially impairing its value or the value of the interest of the owners thereof, it is accordingly adjudged that the same be sold." Out of the proceeds it was directed that the debt of Mrs. Fox be paid, and further provided that the case should be retained on the docket for the disposition of other questions.

After this the land, having been appraised at $4,250.00, was sold for $3,820.00. Soon afterwards the sale was confirmed and the purchaser, by agreement of parties, paid into court the purchase money and the land was conveyed to him free of all liens. At the time the purchase money was paid an order was entered rejecting the claims of Dodge and Webber and an order of distribution was made directing the payment of the lien debt of Mrs. Fox, the amount due W. D. and W. C. Martin, as well as other costs and fees. It was further ordered that the amount due Nellie E. Martin "shall be withheld by the court and reinvested or loaned upon the recommendation of her guardian and subject to the approval of the court until the said Nellie shall become twenty-one years of age, unless otherwise ordered."

It further appears that a few months after this and on October 10, 1906, by an order of court, "B. F. Gardner, guardian *ad litem* for Nellie Martin, is granted immediate leave to withdraw from the fund in court the sum of $458.92," which was the amount coming to Nellie E. Martin out of the proceeds of the sale as shown by the order of distribution.

In 1916, Nellie E. Martin, the appellee, who had just reached her majority, brought this suit against the appellant, Baxter Realty Company, that had by conveyances come into possession of the land, setting up that the judgment ordering the sale of her interest was void and she still remained the owner of an undivided one-half of the land. Alleging that the land was indivisible she prayed that it be sold and for a division of the proceeds between herself and the Baxter Realty Company.

The Baxter Realty Company put in issue all the material averments of the pleading affecting its interest and asked if it should be adjudged that the order directing a sale of Nellie E. Martin's interest was void that it have a lien on her interest for certain improvements it had made and necessary expenses it had incurred in paying taxes and in other ways. After the pleadings had been made up the court adjudged the judgment attacked void on the ground that Nellie E. Martin was not before the court when it was rendered and the proceedings in which her land was ordered to be sold were not authorized by any provision of the Code or Statutes; that Nellie E. Martin was the owner in fee simple of an undivided one-half interest in the land and the Baxter Realty Company the owner of the other one-half interest; that the property could not be divided without impairing its value and a sale was ordered and distribution of the proceeds in accordance with the judgment, the case being retained on the docket to adjust the rights of the parties with reference to costs, compensation for rents, improvements, taxes and other matters in dispute. From this judgment the Baxter Realty Company prosecuted the appeal now before us.

The first question to be determined is—was the judgment attacked insofar as it directed a sale of the interest of Nellie E. Martin void or merely erroneous, or either? If it was void, neither the judgment nor the proceedings had thereunder divested her of title and the judgment now appealed from was correct, but if this judgment complained of was merely erroneous it could not be vacated in this collateral proceeding nor could the purchaser at the judicial sale, who was a stranger to the suit in which the land was sold, nor his vendee, the Baxter Realty Company, be divested of the title of Nellie E. Martin which they acquired by virtue of the judgment and sale thereunder.

The petition filed in October, 1905, and heretofore referred to asking a sale of the land and division of the proceeds after the payment of debts is so inartistically drawn that it is difficult to determine under what section of the Code it was brought, but we think it must have been intended to bring it under section 490, and sub-section 2 thereof, providing that "A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought

by either of them, though the plaintiff or defendant be of unsound mind or an infant. 1. . . . . 2. If the estate be in possession and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein.''

We think it fair to assume that it was brought under this section because the estate sought to be sold was a vested estate in possession owned by W. C. and Nellie E. Martin, subject to the maintenance of W. D. Martin, their father, and it could not be divided without materially impairing its value.

We are further of the opinion that in a suit under this section of the Code the estate may be settled when all necessary parties are properly before the court, and of course a lien creditor, such as Mrs. Fox was, may be made a party and the lien debt ordered to be paid out of the proceeds of sale. There seems to us no good reason why this should not be done in order that a sale of the property may be had and provision made for the payment of lien and other debts in one suit in place of bringing two suits for that purpose, although in this case there was no estate to settle as Mrs. Martin left no interest in the land. It was, however, necessary to sell the land to pay the lien debt of Mrs. Fox.

In a suit under section 428 to settle the estate of a decedent it has been held that it was not improper to join the cause of action provided for in subsection 2 of section 490 when the land sought to be sold was indivisible. Elliott v. Fowler, 112 Ky. 376; Catlin v. United States Fidelity & Guarranty Co., 137 Ky. 208. And if a suit to settle the estate can be joined with a suit under section 490, when the facts authorize it, it would reasonably appear that in a suit under section 490 the estate may be settled, provided always that the Code provisions in regard to the sale of infants' lands are complied with.

Looking at the case as if it had been brought under section 490, subsection 2, it was written in Ellis v. Smith, 147 Ky. 99, that such a suit may be brought by the statutory guardian of the owners of the indivisible land without making any party defendant. In that case the statutory guardian of Kelly and John Smith, who were infants and the owners of an indivisible tract of land, brought suit for its sale under section 490, subsection 2, of the Code. The court ordered a sale of the land and

the case was brought here on exceptions filed by the purchaser. The question in the case was whether the land of infants could be sold under section 490, subsection 2, upon petition by their guardian without naming either of them as a party plaintiff or defendant, and the court held that he might do so. To the same effect is Scott v Graves, 153 Ky. 221.

Holding that this suit was brought under subsection 2 of section 490 and that under this section upon proper allegations and when all necessary parties are before the court indivisible real estate may be sold and lien debts thereon satisfied out of the proceeds, we find no objection to the proceedings or the judgment in the fact that no summons was issued on the pleading of Mrs. Fox.

The petition set out the amount of her debt and showed that it was a just and subsisting debt as well as a lien on the land, and in her pleading she merely set forth what was admitted in the petition, not asking any relief against the infant that the petition did not show her entitled to. Nor do we find any material error in the fact that the case seems to have been submitted for judgment on her pleading. It should, of course, have been submitted on the whole case, but the error in this respect was unsubstantial and in no wise prejudicial to the interest of the infant.

In Whalen v. Hopper's Guardian, 152 Ky. 727, we had before us a case presenting facts very similar to the facts appearing in this record. In that case a suit was brought by the statutory guardian of three infant children, each of whom, as the record shows, was over fourteen years of age; and there was also joined as plaintiff their father, Arthur E. Hopper. The defendants were a building association, and Hutchison.

The suit was brought to have a sale of some real estate owned by the mother of the children and distribution of the proceeds after paying lien debts. In the petition it was set up that the building association had a mortgage lien on the property; that Hopper, the father, also had a lien arising out of the fact that he had paid certain sums to the building association in partial discharge of its lien debt and to the extent of this he asked in the petition to be subrogated to the rights of the building association. The building association and Hutchison, who also had a lien on the property, filed answers, counter-claims and cross-petitions setting up their liens, but no summons on these pleadings was executed on the

infant plaintiffs, who, as we have said, were over fourteen years of age.

The case having been submitted there was a judgment in favor of the building association for its lien debt and cost, a like judgment in favor of Hopper for the amount which he had paid on the lien debt after his wife's death, and also a judgment in favor of Hutchison for his lien debt. The property was ordered sold to pay the debts, the remainder of the proceeds to be divided between the parties in proportion to their interests.

Exceptions were filed by the purchaser at the decretal sale upon the ground that the infants should have been made parties defendant and defense made for them as to the claims of the building association, Hopper and Hutchison.

On the facts shown in the record this court held in the opinion that the suit was brought under section 489 of the Code to sell the land of the infants to pay the debt of their ancestor and not for a division of the proceeds among the owners under subsection 2 of section 490, and accordingly it was said that the suit should have been brought against the infants and, after service of process, defense have been made for them by their statutory guardian.

It is not important to inquire into the reasons that influenced the court in the Whalen case to hold that the purpose of the suit was to sell the land to pay the debts of the ancestor under section 489, and not to distribute the proceeds among the owners under section 490.

But there can be no doubt about the correctness of the conclusion reached by the court in that case after it had determined that the suit was brought under section 489 of the Code. Because it has been held in Hartman v. Fast, 145 Ky. 402, Shelby v. Harrison, Jr., 84 Ky. 144, and many other cases that when the suit is brought under section 489 to sell the estate of infants to pay the debts of their ancestor they must be made defendants to the action and when over fourteen years of age served with process.

It has also been held in the cases of Shelby v. Harrison, *supra*, Ellis v. Smith, *supra*, and Scott v. Graves, 153 Ky. 221, that when the suit is under section 490, sub-section 2, it may be brought by the infants through their statutory guardian as plaintiffs and it is not necessary that they should be made defendants or served with process.

In the case we have, taking into consideration the purpose of the suit which was to sell indivisible property jointly owned for the purpose of paying lien debts and dividing the proceeds between the owners, we are well satisfied that the suit properly falls under subsection 2 of section 490 of the Code. We are also satisfied that in such a suit the debt of the lien creditor may be set up and paid out of the proceeds of sale before distribution between the parties entitled thereto. Therefore it is not necessary that the infant who was under fourteen years of age should have been made a defendant, as she had the right to bring the suit through her statutory guardian as plaintiff.

Nor was it necessary for a summons to issue on the pleading of Mrs. Fox against the infant plaintiff, as the claim and right of the lien creditor were fully described in the petition. But aside from this, the pleading of Mrs. Fox, although designated as a "counter-claim, set off and cross-petition," was not made a cross-petition against the plaintiff nor could it have been under section 96 of the Code. It could only have been made a set off against the infant and other plaintiffs, and under section 97 of the Code no summons is required on a set off or counter-claim against a plaintiff. And this is so whether the plaintiff be an infant or an adult.

So that when the infant is properly a plaintiff as in this case, subsection 3 of section 36 of the Code, providing that, "No judgment shall be rendered against an infant" who is summoned in this state, until the regular guardian, or committee, of such infant shall have made defense or filed a reply stating that after a careful examination of the case he is unable to make defense, has no application. This provision is only applicable when the infant is made a defendant and is summoned in this state.

We have consistently held that the power of courts of equity to sell the real estate of infants is purely statutory and that all the substantial provisions of the Code relating to the sale of infants' real estate must be strictly complied with, or otherwise they will not be divested of title. But when the suit may be brought by an infant as plaintiff through his statutory guardian it would manifestly be a foolish as well as useless thing to require the statutory guardian who brought the suit to also file an answer in the suit reiterating in substance the facts averred in his petition.

In other words, when a suit may be and is brought by a statutory guardian for his infant ward who is joined as plaintiff the ward is as certainly before the court and his interest is as certainly protected as if he had been made a defendant and the statutory guardian had filed an answer for him, because in either event the infant is represented by his statutory guardian.

Nor can we think of any reason why in a suit brought to sell indivisible property under subsection 2 of section 490 of the Code a lien creditor, whose debt is set out in the petition and admitted to be correct, should not be allowed to set up by answer and set off his lien in order that his debt may be paid out of the proceeds. It is clear that this practice is not forbidden by the Code when the suit is brought by the statutory guardian under subsection 2 of section 490 of the Code, and equally clear that it is not prejudicial to the interest of the infant. On the contrary there is accomplished in one suit exactly the same end for which two suits would be required with a duplication of costs, if the lien creditor was obliged to file an independent suit.

It is true that in the case before us the court allowed to be paid out of the proceeds of sale claims that should not have been paid, but the error of the court in this respect did not in any manner affect the validity of the judgment ordering a sale of the property. Nor is there any authority that would authorize the vacation of a judgment for error in the distribution of proceeds or the improper allowance of claims. Errors like these are only available on appeal.

It is further urged that the judgment was void because the statutory guardian of the infant, Nellie E. Martin, was the attorney who filed the pleading for Mrs. Fox, a creditor, and in support of this position the case of Ball v. Poore, 81 Ky. 26, is relied on. In that case the facts were these: Suits were brought by creditors of Mrs. Ball to subject her land to various liens and being a non-resident she was brought before the court by constructive process as to one, but as to the other creditor she was not before the court by process of any kind. It appears, however, that personal judgment went against Mrs. Ball as to both the creditors on the authority of a power of attorney in which she authorized her appearance to be entered in the actions. This power of attorney was given by Mrs. Ball

to the attorney for the creditors in whose favor personal judgment was entered on the strength of it. The court held the personal judgment to be void upon the ground that it was within the prohibition of section 416 of the Kentucky Statutes providing that "Powers of attorney to confess judgment, or to suffer judgment to pass by default, or otherwise, and every release of errors given before an action is instituted, are declared void." We do not, however, think this case should be treated as controlling authority sufficient to hold the judgment ordering a sale of the infant's land in the case we have void merely because her statutory guardian was the attorney for the lien creditor, because there is no pretence whatever that the debt asserted by the lien creditor was not a just and subsisting debt or that the creditor did not have a lien on the land in which the infant had an interest for the amount of it.

The attorney did not enter the appearance of the infant in the suit of Mrs. Fox nor did he confess judgment for the infant. The suit brought by the infant and the other joint owners in which the answer of Mrs. Fox was filed, stated, as we have seen, that in the deed of Grinstead conveying the land to Ada Martin a lien was retained on the land to secure Grinstead in the payment of the unpaid purchase price represented by a note for $1,600.00 and that the defendant, Laura B. Fox, was the holder of the note by assignment from Grinstead; that Laura B. Fox was willing to accept the principle of the debt and accrued interest at the time of payment in satisfaction of the obligation. And it was therefore prayed that when the land should be sold the lien debt of Mrs. Fox be paid out of the proceeds of the sale.

The judgment directing a sale of the land was neither void nor erroneous, but the infant, Nellie E. Martin, is not without a remedy in this case for the wrong that was done her in failing to secure to her the $458.00 to which she was entitled as her share of the proceeds of the land. It is provided in section 497 of the Code that "In the action mentioned in subsection 2 of section 490, the share of an infant, or of a person of unsound mind, shall not be paid by the purchaser, but shall remain a lien on the land bearing interest until the infant becomes of age, or the person of unsound mind becomes of sound mind, or until the guardian of the infant, or the committee of

the person of unsound mind, execute bond as required by section 493.''

And when this money due the infant was paid into court, which it appears from the record was done, the court had no jurisdiction or power to authorize or permit the money to be withdrawn from the court until the guardian of Nellie E. Martin executed the bond required by section 493 of the Code. It appears, however, from the record, as we have seen, that on October 10, 1906, B. F. Gardner, guardian *ad litem* was permitted by an order of court to withdraw this sum which we may take it for granted he did, although the record does not so show. It will be observed that the order recited that B. F. Gardner as "guardian *ad litem*" was permitted to withdraw the funds, but we presume that the words "*ad litem*" were added by mistake or inadvertence and that he withdrew it as statutory guardian, as he was statutory guardian and not guardian *ad litem*. Assuming that he withdrew the funds as statutory guardian, the record does not show that he executed the bond requried by section 493 of the Code and on the record we must presume he did not.

As this order of the court, as it appears from the record, was a void order whether Gardner withdrew the money as guardian *ad litem* or as statutory guardian, the sum due Nellie E. Martin remained under the express provision of the Code a lien on the land bearing interest until she became of age.

We had a case very similar to this in Com. v. Catlin, 129 Ky. 493. In that case suit was brought to sell the indivisible land of W. D. Catlin for distribution of the proceeds among his children. The purchaser paid into court the purchase money, including the shares of two infants. The shares so paid into court were loaned out at interest by order of court, but afterwards the order lending it out was set aside and the money collected by the commissioner, who squandered it.

Thereafter the guardian appointed for the children brought suit against the purchaser of the land at the judicial sale, asserting a lien on the land for the amount due his wards. The court, in considering the case, after referring to section 497 of the Code and the necessity for the execution of the bond as required by section 493, said:

"The infants having no guardian to whom their respective shares of the purchase money could be paid, by the express terms of the Code these remained a lien upon the land, bearing interest, and the purchaser was prohibited from paying the money over to any one prior to the time they became of age, except to their statutory guardian after the execution of the bond required by section 493. The court would have had no authority to direct payment and the payment by the purchaser on his own motion was unauthorized and void so far as the interests of the infants are concerned. The rights of the infants are fixed and secured by the provisions of the Code cited, and the lien on the land could not be lifted or discharged, except in the manner pointed out by the letter of the law. No order of the court made concerning the money wrongfully paid to the commissioner by the purchaser could affect the rights of the infants; and when the appellant qualified as their guardian, and executed the proper bond in accordance with the provisions of the Code, *supra*, he had a right to demand and receive the purchase money belonging to them, and to enforce the statutory lien which secured it."

The case was here again in 119 S. W. 769 on the appeal of the purchaser from a judgment giving the infants a lien on the land, and the court said it was claimed in his behalf "that as the judge of the circuit court failed to incorporate in the order of sale that the infants' shares should remain a lien on the land until the infants arrived at age or the guardian of the infants executed bond as required by section 493 of the Civil Code of Practice, and that as the commissioner violated the Code in drafting the bonds and in receiving the purchase price, the guardian of the children ought to be estopped from interfering with the innocent purchasers of the land. We know of no rule of equitable estoppel that will apply to infants in a case like this. It is true it was an unfortunate mistake of the court and commissioner; but, as stated in the former opinion, it cannot be permitted to result to the detriment of the children, who were unable to protect their own interests."

The case was here again in Catlin v. United States Fidelity and Guaranty Co., 137 Ky. 208, on another question not here pertinent.

It seems a hard case that the vendee of the purchaser at the judicial sale should be required to refund to Nellie

E. Martin the amount of her interest in the land when the sum due her has been paid into court by the purchaser at the judicial sale and paid out by an order of the court to a person not authorized to receive it, but the provision of the Code is peremptory. It was intended to protect the interests of infants and a court has no jurisdiction or power to overlook or ignore these provisions intended for the security of infants who are unable to protect themselves.

A purchaser of land in which an infant has an interest must look to the record in which the land is sold and carefully see to it that every substantial provision of the Code intended for the protection of the infant has been observed. If they have not no orders or judgments of the court will save them in the suit of the infant to recover her estate.

It follows from what we have said that the judgment was not void, although the case was very badly prepared and practiced from the beginning to the end; but Nellie E. Martin, under the facts appearing in this record, has a lien on the land to secure her in the payment of $458.00 with interest from October 10, 1906, until paid. If, however, there are reasons not appearing in this record why she is not entitled to the amount specified they may be set up in a supplemental pleading, and after the issues, if any, are joined on this pleading, and evidence, if any, taken the court will determine the matter according to the rights of the case.

Wherefore the judgment is reversed with directions to proceed in conformity with this opinion.