# Hambrick et al. v. Smith et al.

(Decided November 8, 1929.)

TAYLOR G. SMITH for appellants.

W. E. NICHOLS and GEORGE W. VAUGHN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

J. E. Smith and Katie Smith, his wife, owned jointly a house and lot in Fayette county. Each owned a one-half undivided interest in the property. J. E. Smith died testate September 27, 1923. He devised his interest in the property to his wife for life, and at her death it was to be divided equally among their nine children. Katie Smith died intestate September 23, 1928, and on October 11, 1928, two of her children, who are appellants here, brought this action against their seven brothers and sisters, one of whom was an infant, in which they sought a sale of the house and lot inherited from their parents and a division of the proceeds among the heirs.

The petition contained the allegations necessary, under subsection 2, section 490, of the Civil Code of Practice, for a sale of jointly owned real estate on the ground of indivisibility. It also contained the following allegation: "The plaintiffs further state that at the time of the death of Katie Smith she owned no personalty of any consequence, that the personal estate left by her is insufficient to pay her funeral expenses and just debts, and the plaintiffs state that it will be necessary to sell the real estate described herein in order to pay the funeral expenses, or at least a part thereof and just debts of the decedent, Katie Smith."

The prayer of the petition reads: "Wherefore, the plaintiffs pray for a judgment and order of sale of the property herein described; and they pray for an order directing the master commissioner of this court to advertise for claims against the estate of the decedent, Katie Smith, to hear proof, ascertain and report all claims, for the payment of the debts of the decedent, Katie Smith, and the plaintiffs further pray that after the payment of the debts of the decedent, Katie Smith, and the costs in this action, including a reasonable allowance for the services of the plaintiff's attorney herein, for a distribution of the proceeds derived from the sale of the real estate herein among the parties according to their respective interests; and the plaintiffs pray for any and all relief to which in equity they may appear entitled."

The lower court sustained a special demurrer to the petition on the ground that the action was essentially one to settle an estate, and, under section 428 of the Civil Code of Practice, could not be maintained by the plaintiffs until the expiration of six months after the qualification of a personal representative. By an amended petition a number of creditors of Katie Smith, deceased, were made parties. In the meantime the Commonwealth Bank & Trust Company had been appointed administrator of the estate of Katie Smith, and it was also made a party defendant. A special demurrer to the petition as amended was sustained, and from the judgment dismissing the petition and amended petition plaintiffs appeal.

Appellants insist that this is not an action to settle the estate of their mother, but is an action to sell jointly owned real estate, under subsection 2, section 490, of the Code. While the necessary averments under this section of the Code were made in the petition, there is joined with this action for the sale of the property an action for the settlement of the estate of Katie Smith, deceased. An action to sell real estate, under subsection 2, section 490, and an action to settle a decedent's estate, may be joined. Rodgers v. Rodgers, 31 S. W. 139, 17 Ky. Law Rep. 358; Baxter Realty Co. v. Martin, 185 Ky. 697, 216 S. W. 110. But if an action to settle an estate is brought before the expiration of six months after the qualification of the personal representative, such representative is a necessary plaintiff. Civil Code of Practice, sec. 428. The purpose of this section of the Code is to afford the personal representative a reasonable time to collect the as-

sets and ascertain and pay claims against the estate. The plaintiffs obviously joined the two actions, in order to avoid the effect of article 3, c. 64. Kentucky Statutes (sections 2084 to 2089, inclusive).

Under section 2087 a creditor of the ancestor may obtain a lien on property in the hands of a bona fide purchaser from an heir or devisee by instituting an action within six months after the estate is devised or descended. An action under section 490, subsection 2, of the Civil Code of Practice, for a sale of the property and a division of the proceeds, will not deprive creditors of their rights under sections 2084-2089, inclusive, of the Statutes, where the sale is made within six months after the death of the ancestor. The result would be the same, so far as the creditors' rights are concerned, as it would have been, had the sale been made by the heirs or devisees. The plaintiffs could only guard against the assertion of liens by creditors and ensure a good title to the purchaser, and thus encourage bidding on the property sought to be sold, by joining an action to settle the estate with the action to sell the land, under section 490, subsection 2, of the Civil Code of Practice.

The personal representative is a necessary plaintiff, where the action to settle the estate is brought within six months after his qualification, and, since the personal representative of Katie Smith was not a plaintiff, the lower court properly sustained the special demurrer to the petition and amended petition.

Judgment affirmed.