## Henry et al. v. Wolfe et al.

(Decided May 6, 1938.)

C. C. ADAMS for appellants.

G. L. TUCKER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Reversing.

Appellants, who were the plaintiffs below, are the children and grandchildren of Joseph Henry, deceased. Appellees are the children of Isabel Henry, the deceased widow of Joseph Henry. It is alleged in the petition that appellants and appellees are the owners of a certain tract of land in Grant county which cannot be divided without materially impairing its value, and a sale is asked under the provisions of section 490, subsec. 2, of the Civil Code of Practice. It likewise appears from the petition that Isabel Henry died within six months of the date of the filing of the petition.

Appellees filed a special demurrer to the petition on the ground that the suit was "premature," and that no suit could be brought to settle the estate of Isabel Henry by any one other than her personal representative until the expiration of six months after the qualification of such representative under Civil Code of Practice, sec. 428. The chancellor sustained the special demurrer, and this appeal followed.

It will be observed at the outset that there is no prayer here for a settlement of the estate, and the administrator of Isabel Henry, as such, is not made a party to this proceeding. So far as the petition discloses, no necessity appears for making him a defendant.

The distinction between a suit under section 490, subsec. 2, for the sale of jointly owned realty and a suit to settle an estate under section 428 of the Civil Code of Practice, is pointed out in the case of Hambrick v. Smith, 231 Ky. 423, 21 S. W. (2d) 658, 659:

"An action under section 490, subsec. 2 of the Civil Code of Practice, for a sale of the property and a division of the proceeds, will not deprive creditors of their rights under sections 2084-2089, inclusive, of the Statutes, where the sale is made within six months after the death of the ancestor."

However, even though creditors of the ancestor may not have their rights affected by a suit or a sale thus

made, this does not change the character of the suit or bring to bear the inhibition contained against the filing of a settlement suit within six months after the qualification of the personal representative. Appellees may have had well-founded reasons for objecting to a premature sale of the property, which the court should have recognized at the proper time, but certainly there was nothing to prevent the suit from proceeding or the court from taking jurisdiction of it prior to the expiration of the six months' period. It follows that the chancellor improperly sustained the special demurrer to the petition.

Judgment reversed.