## Durham v. Taylor et al.

(Decided May 20, 1938.)

E. N. INGRAM and A. M. EDWARDS, JR., for appellant.

W. W. POINTS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Dismissing appeal.

Margaret Taylor, an old colored woman, died intestate in 1935. She was survived by several children and grandchildren, who are named as appellees to this appeal. She left no personal estate, but she did own

two small tracts of land in Bell county, which descended to her heirs.

Appellant, Frank Durham, is an undertaker. He buried the old lady and brought this suit against her heirs for the purpose of collecting for his services. The petition alleges that Margaret owned no personal estate, that no administrator had been appointed, and that she owed no debts other than the $150 due to appellant to cover the cost of her burial. He did not pray for judgment against the heirs to the extent of the assets they had received, as he undoubtedly could have done, and may still do, under sections 2088 and 2089 of the Kentucky Statutes. On the contrary, he prayed for a settlement of the estate. This, of course, is a very different thing from simply asking for a judgment against the heirs and a lien on the assets they received.

The chancellor appointed a guardian ad litem for the infant defendants, and the guardian filed a special demurrer to the petition under the provision of section 428 of the Civil Code of Practice, which prohibits the filing of a settlement suit until six months after the qualification of the personal representative, by any one other than the representative. The chancellor sustained the demurrer on the authority of Hambrick v. Smith, 231 Ky. 423, 21 S. W. (2d) 658.

This court is without jurisdiction to grant an appeal in this case even if it were so inclined. Section 950-1, Kentucky Statutes. This is not a suit to "enforce a statutory lien," but to obtain a lien. The amount involved is less than $200, and we cannot, therefore, entertain a motion for the allowance of an appeal.

Appeal dismissed.