## Courtney et al. v. Morgan et al.

Nov. 18, 1941.

C. C. Adams for appellants.

L. M. Ackman and R. L. Webb for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

Pink Morgan, the decedent herein, died intestate in Grant county, Ky., on January 17, 1940. He left surviving him his widow (the defendant below and here appellee), Georgia B. Morgan, and one daughter by a former marriage (plaintiff below and here appellant), Virginia Morgan Courtney, who is married to her co-appellant, Russell Courtney.

On January 29, 1940, or twelve days after decedent's death, his widow, Georgia B. Morgan, was appointed and duly qualified as administratrix of his estate and is now acting in such capacity.

On January 27, 1940, or during this twelve-day period intervening between the death of appellee's husband and her qualification as administratrix of his estate, the decedent's daughter, the appellant, filed this

suit in equity, in which her husband joined as co-plaintiff, therein alleging that her deceased father, Pink Morgan, was at the time of his death the owner in fee of a certain unimproved 70-acre tract of farm land in Grant county, which she alleged could not be divided without materially impairing its value, that no persons were living thereon, and that same was then idle and nonproductive. Further, the petition set out that the deceased, being indebted to the Bank of Williamstown in Grant county, Ky., had, to secure his indebtedness (together with his wife, the appellee), executed to the bank a mortgage upon the aforesaid tract and that it would be necessary to sell same to pay the outstanding mortgage lien thereon and to pay the other debts that might be owing by the estate.

The petition also described the real estate, named the Bank of Williamstown as defendant and called upon it to answer, setting up the amount and nature of its claim, and prayed that decedent's land be sold and that the proceeds derived therefrom, after the payment of the mortgage debt and any other debts owing by the estate and the costs of the action (including the fee of plaintiff's attorney) be apportioned and distributed between the parties in interest.

Further the plaintiff (here appellant) alleged that after decedent's death, his real estate (the land here involved) passed under Kentucky laws of descent to the plaintiff, Mrs. Virginia M. Courtney, and to his surviving widow, Mrs. Georgia B. Morgan, subject to the mortgage lien held thereon by the appellee, Bank of Williamstown, and that, after the lien of the appellee, Bank of Williamstown, and other debts owing by the estate and costs of the action (including fee of plaintiff's attorney) were paid, the defendant, as decedent's surviving widow, would have a dower in such real estate or a life interest in one-third of its proceeds over and above the amount necessary to satisfy the indebtedness of the estate, when the rest thereof would go to the plaintiff as decedent's daughter and only heir-at-law under the law of descent. Plaintiff made Mrs. Morgan a defendant therein so that she might assert and have declared her interest in said real estate.

It not appearing upon the face of the petition filed on January 27, or before the qualification of the widow on January 29 as administratrix of the estate, that

plaintiff was without legal capacity to institute a suit to settle the estate within six months after the qualification of its representative (Section 428, Civil Code of Practice), defendant could not raise by special demurrer the objection that her suit was premature but, as authorized by Section 118, Civil Code of Practice, raised same by filing her answer and counterclaim thereto, both individually and as administratrix, therein setting out the facts, as above recited, of her appointment and qualification on January 29, 1940, as administratrix of her deceased husband's estate and asserting that she alone, as his widow, had the right to maintain a settlement suit within the six months' period, by virtue of her appointment, under the provisions of Section 428, Civil Code of Practice.

Defendant further alleged that there was insufficient personal property to pay decedent's debts; that it would be necessary to sell his real estate, therein set out by proper description, and prayed that the estate of her decedent be settled; that its real estate be adjudged indivisible and sold; and that an order of reference be made to the master commissioner of the court to hear proof on claims against the estate, report same and make settlement with her as administratrix of the estate and for all equitable relief.

This answer and counterclaim were filed by appellee, Mrs. Morgan, on June 5, 1940, but within less than six months after the death of her husband on January 17, 1940, and her appointment and qualification as administratrix of his estate on January 29, 1940.

Defendant, contending that it was her exclusive statutory right, as widow of the decedent, to qualify as his administratrix within the period prescribed by the statute (Section 3896), moved the court to dismiss plaintiff's petition, following which, by agreement of parties, it was on June 14, 1940, ordered by the court that the action be submitted on the motion of Mrs. Morgan, the defendant, to dismiss plaintiff's petition and on the motion of plaintiff for judgment and order of sale of the property as prayed in her petition, the parties being given until June 27 in which to prepare and submit their briefs in support of their motions.

Following this, on October 18, 1940, plaintiff (here appellant) filed her motion to reconsider this agreed

order of submission and the motion presented under such order and moved that, upon such reconsideration thereof, the court enter judgment and order of sale of the real estate described in her petition for the five reasons therein recited:

(1) That it was for the best interests of all the parties having any interest in the real estate that it be sold at the earliest possible time; (2) that the real estate was not producing any income or return; (3) because the lien note of the Bank of Williamstown was increasing in accumulated interest and would, unless it be paid, absorb all the real estate; (4) because no reasons have been interposed why the real estate should not be sold; and (5) because the only matter cognizable under plaintiff's petition, motion and the order of submission entered is the sufficiency of the petition in equity and whether it states a cause of action within the purview of Section 490, Civil Code of Practice.

On the same day plaintiff's motion to reconsider was filed, the Bank of Williamstown, named as a defendant in plaintiff's petition, filed its answer and counterclaim for $1,080 with interest and also asserted five unsecured notes, whereon decedent was liable to the bank, aggregating some $200 or more and interest; also, R. L. Webb filed his answer to her petition and proof of claim against the estate in the sum of $254.75, with interest thereon from June, 1929.

Thereafter, on October 24, the plaintiff took the depositions of the president of the Bank of Williamstown, R. L. Webb, the individual creditor, the defendant, Mrs. Morgan, and the undertaker, Walter Coates, which disclosed that after the collection of all of the decedent's personal estate, there remained in the hands of the administratrix, after payment of decedent's bills and funeral expenses, the sum of $708.30, or less than the $750 exemption due the widow under the law, as shown by the defendant administratrix' settlement made with the master commissioner (which was not, however, included in the record).

Thereafter, on November 25, 1940, the case coming on for hearing (under the earlier agreed order of submission) upon the parties' respective motions, as stated, supra, and the later motion of plaintiff to reconsider such order of submission and to enter judgment and

order of sale of the real estate described in her petition for the reasons therein stated, the court ordered and adjudged that said motion be overruled, to all of which plaintiff objected and excepted and prayed an appeal, which was granted.

The main, if not the only question here presented, it is obvious from the above rather full recitation of the pleadings and facts disclosed by the record, is whether the court erred in overruling plaintiff's motion for a judgment and order of sale of the real estate described in her petition.

Appellant based her claim that the court's ruling was erroneous upon the ground that her action was not one to settle the estate of her father, but rather was one to sell the real estate, as authorized under Subsections 2 and 3, Section 490, Civil Code of Practice; and further, that though the suit was filed within ten days of the death of plaintiff's father on January 17, 1940, and two days before the appointment and qualification of the appellee as administratrix of the estate, it was yet clearly authorized under the provisions of Subsections 2 and 3 of Section 490, Civil Code of Practice, as construed and held in the case of Henry et al. v. Wolfe et al., 273 Ky. 427, 116 S. W. (2d) 983, that a suit for sale of jointly owned realty brought by heirs of deceased owner, as distinguished from suit to settle an estate, may be filed less than six months after qualification of deceased owner's personal representative, though sale thereunder within six months after owner's death will not deprive owner's creditors of their rights, and further that in an action for sale of jointly owned realty, brought by heirs of deceased owner, deceased owner's administrator was not a necessary party defendant, the court saying:

"However, even though creditors of the ancestor may not have their rights affected by a suit or a sale thus made, this does not change the character of the suit or bring to bear the inhibition contained against the filing of a settlement suit within six months after the qualification of the personal representative. Appellees may have had well-founded reasons for objecting to a premature sale of the property, which the court should have recognized at the proper time, but certainly there was nothing to prevent the suit from proceeding or the court from

taking jurisdiction of it prior to the expiration of the six months' period."

It is the contention of appellees, however, that appellant's suit was essentially one to settle the estate and which, under Section 428, Civil Code of Practice, could not be maintained by plaintiff until the expiration of six months after the qualification of the personal representative.

As to this, it may be noted that plaintiff (here appellant) by her petition, as set out above, alleged that it was necessary to sell the real estate, the personal estate being insufficient to pay the outstanding mortgage lien on the real estate, such other debts as might be owing by the estate and the costs of the sale, in order to make distribution of the remainder of the proceeds arising therefrom between the parties in interest; and, further, to such end, she made the lien-holding bank (a creditor of the estate) a defendant in the suit, requiring it to file answer setting out its claim, and also took the depositions of defendant (Mrs. Morgan) and various other creditors of the estate to determine the amount of the estate's indebtedness.

In Hambrick et al. v. Smith et al., 231 Ky. 423, 21 S. W. (2d) 658, we held that such action brought to sell jointly owned real estate as authorized under Civil Code of Practice, Section 490, Subsection 2, and an action brought to settle a decedent's estate might be joined, although the two actions were distinguishable in their character and purpose. The court, in discussing this distinction between them and their character and limitations, said:

"Appellants insist that this is not an action to settle the estate of their mother, but is an action to sell jointly owned real estate, under Subsection 2, Section 490, of the Code. While the necessary averments under this section of the Code were made in the petition, there is joined with this action for the sale of the property an action for the settlement of the estate of Katie Smith, deceased. An action to sell real estate, under Subsection 2, Section 490, and an action to settle a decedent's estate, may be joined. Rodgers v. Rodgers, [Adm'r], 31 S. W. 139, 17 Ky. Law Rep. 358; Baxter Realty Co. v. Martin, 185 Ky. 697, 216 S. W. 110. But if an action to set-

tle an estate is brought before the expiration of six months after the qualification of the personal representative, such representative is a necessary plaintiff. Civil Code of Practice, Section 428. The purpose of this section of the Code is to afford the personal representative a reasonable time to collect the assets and ascertain and pay claims against the estate. The plaintiffs obviously joined the two actions, in order to avoid the effect of article 3, c. 64, Kentucky Statutes (Sections 2084 to 2089, inclusive).

"The plaintiffs could only guard against the assertion of liens by creditors and ensure a good title to the purchaser, and thus encourage bidding on the property sought to be sold, by joining an action to settle the estate with the action to sell the land, under Section 490, Subsection 2, of the Civil Code of Practice.

"The personal representative is a necessary plaintiff, where the action to settle the estate is brought within six months after his qualification, and, since the personal representative of Katie Smith was not a plaintiff, the lower court properly sustained the special demurrer to the petition and amended petition."

Further, in the case of Utterback's Adm'r v. Hannan, 255 Ky. 425, 74 S. W. (2d) 563, 565, we said:

"Formerly Section 428, Civil Code of Practice, permitted a representative, legatee, distributee, or creditor of a deceased person at any time to bring an action in equity for the settlement of his estate, and Section 3847, Kentucky Statutes, forbade the bringing of an action against a personal representative within six months after his qualification 'except to settle the estate.' In the year 1918, Subsection 1, Section 428, Civil Code of Practice was amended by adding the words 'provided that no such suit shall be brought by any of the parties named except the personal representatives until the expiration of six months after the qualification of such representative.' Acts 1918, c. 155, p. 657. The result is that no suit of any kind, including a suit to settle the estate, can be brought against an executor or administrator within six months after his qualifica-

tion, and that any action so brought 'shall be dismissed with costs.' Kentucky Statutes, Section 3847. But appellee insists that the action of the court in refusing to dismiss the suit was proper on the ground of waiver, and the further grounds that no personal judgment was rendered against Utterback's estate. In support of the first ground it is argued that the administrator did not file a special demurrer, or move to dismiss, but filed an answer claiming the property for his decedent. As the petition did not show on its face that the action was brought within less than six months after the qualification of the administrator with the will annexed, neither a special demurrer nor a motion was available, and the only way to raise the question was by answer pleading the facts, as authorized by Section 118, Civil Code of Practice, and the mere fact that in the same answer he asserted a claim to the property was not a waiver of his right to have the action dismissed, as required by the statute.''

In view of these clearly declared rules of procedure relative to the sale of jointly owned real estate, as provided under Subsection 2 and 3, Section 490, Civil Code of Practice, and also Section 428, providing that:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate (provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.)''

we are led to conclude, after a careful consideration of the record, that the learned chancellor properly applied the applicable rules in his determination of the question here presented, in holding that the appellant's suit was in its nature one to settle her father's estate, which she instituted even before the appointment and qualification of the administratrix or within less than six months after her appointment and, such fact having been pleaded by defendant's answer and counterclaim, that plaintiff's suit should be dismissed and her motion for a judgment and order of sale denied.

Judgment affirmed.