## Wilson v. Moore et al.

June 5, 1942.

C. X. Johnson for appellant.

Rodney Haggard, Harvey T. Lisle and Benton & Davis for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Marcus Moore died intestate on November 7, 1938; and on February 4, 1939, the administrator of his estate, together with his heirs at law, including several infants acting through their statutory guardian, filed an ex parte petition in the circuit court alleging that the decedent "left personal property more than sufficient to pay all his debts and funeral expenses," and two indivisible tracts of land which it would be necessary for the court to order sold "for the purpose of making division of the proceeds of sale among your petitioners entitled thereto according to their respective interests therein." In addition to this relief, the prayer asked that the estate "be fully settled in this action." On the same day the court entered a judgment directing the sale of the real estate on the ground of its indivisibility "for the purpose of making division of the proceeds of sale among the parties thereto entitled"; and, among other things, required the Commissioner to "take from the purchaser or purchasers" bonds for the purchase price payable in six and twelve months from the date of sale "with surety thereon to be approved by the Commissioner." The sale was held on February 18, 1939, after proper advertisement, and the appellant became the purchaser of the first tract for $6,330. He executed two purchase-money bonds for $3,165 each, payable to the Commissioner, but failed to procure a surety thereon as required by the judgment. These facts were noted by the Commissioner in his report of sale on February 28th. On March 15, 1939, appellant filed exceptions to the report of sale on the ground that the provisions of the Code respecting settlement suits had not been complied with, and, "because under Section 2087 of the Kentucky Statutes, creditors of the deceased have a lien for a period of twelve months

against the property auctioned, and for that reason this Court, or the heirs of the deceased, are unable to convey to this bidder and exceptor a free and unencumbered title to the real estate auctioned to him.''

On March 22d, the petitioners served appellant with notice that on March 24th they would move the court:

''To confirm the Master Commissioner's report of claims filed in this action on March 17, 1939.

''To confirm the Master Commissioner's report of sale filed in this action on February 28, 1939.

''To strike from the record, the exceptions filed by W. M. Wilson, for the reason that said W. M. Wilson is in contempt of Court, and is not entitled to file any exceptions.

''To issue a rule against the said W. M. Wilson to show cause if any he can, why he should not be punished for contempt for failure to comply with the terms of the sale on that tract of land purchased by him, containing approximately 105½ acres.

''To order an immediate re-sale of the tract of land purchased by W. M. Wilson, containing approximately 105½ acres of land.''

Pursuant to this notice, the court, on March 24th, overruled appellant's exceptions to the report of sale, confirmed the report, reciting that appellant had not complied with the judgment and order of sale in that he had failed to provide surety on the sale bonds executed by him, ordered a re-sale of the property by the Commissioner, and that:

''The said purchaser, W. M. Wilson, shall be charged with any deficiency that may exist between this sale to be made hereunder and the sale that was made to him on the 18th day of February, 1939, and any excess received by reason of the sale had made over and above the sale heretofore made to said W. M. Wilson shall inure to the benefit of said W. M. Wilson, and the Commissioner shall report his actions hereunder immediately after said sale is made.''

Being of the opinion that appellant had ''no standing in Court owing to his having failed to comply with

the terms of sale or to execute any bond with surety herein,'' the Chancellor refused to permit appellant to object or except to the court's order. In overruling his motion for an appeal the court recited that because of his failure to execute purchase-money bonds with surety, the appellant ''is in contempt of Court and cannot be heard until he purges himself of contempt.'' In obedience to the court's order, the Commissioner, on April 3, 1939, re-sold the property obtaining therefor $4,910.40. To escape his liability for the difference between this sum and the amount of his original bid, appellant prosecutes this appeal from the court's order of March 24, 1939, overruling his exceptions to the report of sale and decreeing that liability.

If there had existed no valid reason for appellant's failure or refusal to supply the required surety when called upon to do so, the court would have been justified in ordering a re-sale of the property and rendering judgment against him for any resulting deficiency in the amount realized. Shirley v. Shewmaker's Assignee, 63 S. W. 11. But to punish appellant by refusing to consider his exceptions to the report of sale for refusing to obligate himself or a surety to pay a full price for property represented as unencumbered but legally subject to unascertainable encumbrances which might consume it, especially where the punishment would inure to the benefit of those responsible for his predicament, is not such a procedure as should commend itself to a court of justice. Only after determining that appellant's exceptions were without merit could the court properly have adjudged him in contempt for refusing to execute bonds with surety. We find no justification whatsoever for the trial court's refusal to grant appellant an appeal, thus necessitating his applying to the clerk of this court for that purpose.

Less than three months elapsed between the date of Moore's death and the date on which the land was sold. The action was not one in which the real estate could have been sold for the payment of his debts, since the petition alleged that he left sufficient personalty for that purpose, and the infant joint owners of the real estate were joined as plaintiffs and hence were not before the court by service of process. Soper et al. v. Foster et al., 244 Ky. 658, 51 S. W. (2d) 927. It is true that this court has held that land of a decedent may be sold for the pay-

ment of his debts within less than twelve months follow-ing his death so as to defeat the lien on the land created by Section 2087, Kentucky Statutes, and vest the purchaser with an unencumbered title; but, in order to accomplish this latter purpose, the suit must be a settlement suit properly prosecuted as such, to which the personal representative must be a party, although the fact that a division of the proceeds remaining after the payment of debts is sought as an incident, or that an action to sell under Section 490, Civil Code of Practice, is joined with the settlement suit, will not militate against the result sought. Hambrick et al. v. Smith et al., 231 Ky. 423, 21 S. W. (2d) 658. Equally well settled is the rule that where the essential elements of a sale to pay the debts of a decedent are lacking and the jurisdiction to decree the sale exists solely because of the provisions of Subsection 2, Section 490, Civil Code of Practice, the right of the decedent's creditors to subject the estate in the hands of the purchaser during the period of twelve months follow-ing the death of the decedent is not defeated. As a necessary consequence it follows that a purchaser at a judicial sale in which the rights of creditors secured by Section 2087, Kentucky Statutes, are not extinguished, will not be required to fulfil the terms of his bid but will be relieved therefrom on filing the proper exceptions to the report of sale. Parrish et al. v. Redmon et al., 285 Ky. 613, 148 S. W. (2d) 680.

Appellees do not contend that the suit instituted by them was other than a proceeding under Subsection 2, Section 490, of the Civil Code of Practice. They suggest that since the last of the purchase-money bonds required of the appellant would not have matured until more than twelve months after the decedent's death, he could have offset any indebtedness of the estate which he might have been required to pay, and hence could not have been prejudiced by the premature sale. However, they urge an affirmance of the judgment appealed from mainly on the grounds that appellant had no right to be heard on his exceptions until he had procured sureties on his purchase-money bonds, and had no right to prosecute this appeal until he had purged himself of the alleged contempt resulting from his refusal to obey that portion of the judgment requiring him to execute such bonds. As before indicated, we find no merit in any of these contentions.

Judgment reversed with directions to sustain appellant's exceptions to the report of sale, and to set aside so much of the judgment as holds him liable for the difference between the amount of his bid and that of the subsequent purchaser.